(83 N. W. Rep. 10.)

---

## A. B. McDONALD *vs.* NORDYKE MARMON COMPANY.

Opinion filed May 17, 1900.

### Mortgage Foreclosure—Notice.

> Section 5848, Rev. Codes 1895, construed, and *held*, that a notice of mortgage foreclosure sale by advertisement, which was published 40 days and no longer,—such publication being first made on January 14th, and the sale being made February 23d,—was legally published

### Six Successive Weeks.

> Under said section, notices are required to be published "six times, once in each week, for six successive weeks." When these provisions are complied with, there will be no occasion to consider periods of time, whether computed by days or weeks. Finlayson v. Peterson, 5 N. D. 587, 67 N. W. Rep. 953, 33 L. R. A. 532, construing Comp. Laws, § 5414, distinguished.

Appeal from District Court, Towner County; *Morgan,* J.

Action by A. B. McDonald against the Nordyke Marmon Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

*Frank D. Davis (Newman, Spalding & Stambaugh),* for appellant.

The mortgage pleaded cannot be foreclosed by advertisement. § § 4699, 5844, Rev. Codes. The complaint is sufficient. It alleges that plaintiff made to defendant a mortgage. The power of sale is no part of the mortgage. Plaintiff need only state so much of the contract sued upon as makes prima facie a right of action, and if any other part furnishes the means of defeating the action, it is a means of defense. Bliss on Code Pleading, § 202. The publication of notice was insufficient, and the foreclosure was void. *Finlayson* v. *Peterson,* 5 N. D. 587. Section 5848, Rev. Codes, requires forty-two days to elapse between the first publication and the day of sale. *Finlayson* v. *Peterson,* 5 N. D. 587. It is claimed that § 5143, Rev. Codes, changes the statute in question and is controlling, and operates to shorten the time of publication. The statute construed in the

Finlayson case was enacted in 1889 and repealed in 1895 (Rev. Codes repeals paragraph 11) and re-enacted in § 5143. In order to uphold the judgment in the case at bar, this section must operate to shorten the time of publication from forty-two to forty days. The clause in § 5143, Rev. Codes, under consideration, is not a legislative construction, but a new and independent provision, changing § 5848 as construed by this court, and to permit such provision to shorten the time for publication under § 5848, Rev. Codes, as already construed, would be to allow an indirect amendment of § 5848. It cannot be given such an effect. § 64 Const. Section 5143 must then be construed as a legislative construction of the word "weeks" as found in § 5848. As such it is not binding on the court, being an exercise of judicial power. Cooley, Const. Lim. (6th Ed.) 113; *Dash* v. *Van Kleek,* 7 Johns. 508. Legislative construction, while entitled to weight, will not be permitted to change the clear and unambiguous language of the previous statute, or the previous adjudication of the courts upon such statute. This is unanimously held with reference to the executive construction of statutes. *U. S.* v. *Dickson,* 14 Pet. 141; *U. S.* v. *Graham,* 110 U. S. 219; *Merritt* v. *Cameron,* 137 U. S. 542; *Wisconsin Ry. Co.* v. *U. S.,* 164 U. S. 190; *Travelers' Ins. Co.* v. *Fricke,* 94 Wis. 258, 68 N. W. Rep. 961; *Pearson* v. *Cornell,* 54 Neb. 647, 75 N. W. Rep. 25.

*Siver Serumgard* (*Cochrane & Corliss* on oral argument), for respondents.

WALLIN, J. This action was brought to annul a sheriff's certificate of sale, and to enjoin the delivery of a sheriff's deed pursuant to such sale. Said certificate was delivered to the defendant corporation by the defendant Currie, as sheriff, who sold the real estate described in the certificate at a mortgage foreclosure sale made by advertisement. The mortgage was given by the plaintiff to said corporation, and plaintiff alleges that said foreclosure sale so operates as to cast a cloud upon plaintiff's title to the premises, and that said title will be still further clouded if the delivery of such sheriff's deed is made, and the deed is recorded. Plaintiff alleges that said foreclosure sale was wholly void, because the sale was made upon insufficient notice. This feature of the case is as follows: "That on or about the 15th day of January, 1897, said defendant Nordyke Marmon Company commenced proceedings to foreclose said mortgage by advertisement. That the first publication of the notice of sale under said foreclosure proceedings was made on the 14th day of January, 1897, and that the date of sale contained in said notice and the sale of said property was made on the 23d day of February, 1897. The said mortgagee, in foreclosing said mortgage, failed and neglected to publish said notice of sale for the period of time prescribed by law, and that by reason thereof said foreclosure was wholly void." The complaint was demurred to by the defendants upon the ground that it failed to state facts sufficient to constitute a cause of

action. The District Court sustained the demurrer, and pursuant thereto judgment was entered dismissing the action, with costs.

The order sustaining the demurrer is assigned as error, and the ultimate question for determination is whether the notice of sale was legally published. No claim is made that the notice was not published six times, or that it was not published once in each week for six successive weeks. The only criticism upon the publication made by counsel is that the period of time elapsing between the date of the first publication, January 14th, and the date of sale, February 23d, is insufficient in length. This period is exactly 40 days, when computed by excluding the first date and including the last. A decision of the case will require a construction of the statute regulating the publication of such notices at the time the publication was made. The governing statute is embraced in section 5848 of the Revised Codes of 1895, which reads: "Notice that the mortgage will be forclosed by a sale of the mortgaged premises or some part thereof must be given by publishing the same six times, once in each week for six successive weeks in a newspaper of the county where the premises intended to be sold, or some part thereof, are situated, if there is one, and if not, then in some newspaper published at the seat of government." This court has not hitherto had occasion to put a construction upon this provision of the Code. It is true that in *Finlayson* v. *Peterson*, 5 N. D. 587, 67 N. W. Rep. 953, 33 L. R. A. 532, a somewhat similar section of the Code—that embraced in section 5414 of the compiled Laws—was carefully considered and construed by a unanimous opinion of the court, and counsel for the appellant now contend that the decision cited must control the disposition of this case. But we think the case cited is not at all decisive of the question presented here, and is not in point, for the reason that the statute regulating the publication of the notice here in question is materially different from that found in section 5414 of the Compiled Laws, which, as we have said, was the statute construed in the case cited. In construing the earlier enactment we said, in effect, that the requirement that notice should be given "by publishing the same for six successive weeks, at least once in each week," meant that such notice must be published weekly "for" and "throughout" a period of 6 full and consecutive weeks, and embracing an aggregate of 42 days' time, and nothing short of 42 days would satisfy the statutory mandate. We think the construction placed upon section 5414 of the Compiled Laws was a proper one, and it is probable that we should adhere to the same if again called upon to construe the same provision; but that statute has been superseded by section 5848 of the Revised Codes, and the latter is the governing statute. A perusal of this section of the Code, which we have quoted at length, will disclose the fact that the period or duration of the publication, which was the decisive test under the earlier law, has ceased to be controlling under the existing enactment. In testing the validity of any publication of a notice under the present

law, one controlling factor is the number of the publications. The notice must be published "six times." Another controlling factor is that such publications must appear once in each week for six successive weeks. We are of the opinion that the purpose of .the legislature in passing the present statute was to cure and get rid of a practical difficulty which presented itself in all attempts to foreclose by advertisement under the old law. Under the old statute, six publications of the notice would satisfy the statute in some cases, and in others nothing less than seven would suffice to render the publication legal. Which number would suffice in any case would be controlled by the date of the first publication and the sale, after excluding the date of the first publication. The uncertainty as well as practical inconvenience which confronted the practioner who attempted a foreclosure by advertisement under the former law is swept away under the existing statute. Periods of time are all subordinated to other considerations, which have already been pointed out. Under the present law the notice is required to be published before the sale "six times, once in each week for six successive weeks." When this is done, there need be made no perplexing computations of days or weeks. Our conclusion is that the trial court did not err in sustaining the demurrer to the complaint. The judgment will be affirmed. All the judges concurring.