(86 N. W. Rep. 721.)

---

## E. B. GRANDIN *vs.* GUNDER G. EMMONS.

Opinion filed May 4, 1901.

### Mortgage—Assignment—Evidence.

A written assignment of real estate mortgage, the execution of which is acknowledged before a notary public of another state, is entitled to be read in evidence under the provisions of § 5696, Rev. Codes, without further proof, when the certificate of acknowledgment attached thereto is authenticated by the signature and official seal of such notary. It is not necessary to have attached thereto the certificate of an officer of a higher rank to the official character and signature of such notary.

### Publication for Six Weeks—Notice of Sale.

A notice of mortgage foreclosure sale by advertisement, which is published six times, once in each week, for six successive weeks before the sale, is a sufficient compliance with § 5848, Rev. Codes, regulating the publication of notices. :McDonald v. Nordyke Marmon Co., 9 N. D. 290, 83 N. W. 6, followed.

### Power of Sale—Coupled with an Interest.

In this state a power of sale inserted in a real estate mortgage is a power coupled with an interest, and is not revoked or suspended by the death of the mortgagor, and when so exercised, and redemption is not made as provided by law, is effective to cut off the rights of redemption of the heirs of such deceased mortgagor.

Appeal from District Court, Traill County; *Pollock, J.*

Action by E. B. Grandin against Gunder G. Emmons and others. Judgment for defendants, and plaintiff appeals.

Reversed.

*F. W. Ames,* for appellant.

It was not necessary in the absence of fraud to read over the instrument to Mrs. Emmons where she signed by mark. *Kranz* v. *Srein,* 33 At. Rep. 1031. The mortgage was duly acknowledged, and this alone entitled it to be received in evidence. § 5696, Rev. Codes; Anglo-American Mtg. Co., 51 Pac. Rep. 915; *Wilkins* v. *Moore,* 20 Kan. 538; *Webb* v. *Holt,* 81 N. W. Rep. 637; *Cameron*

v. *Calkins,* 44 Mich. 531; Webb. on Record of Title, 65. Where a mortgage is signed by a husband and wife and shows a certificate of acknowledgment by both, fair on its face, a defense by the wife on the ground that it was executed under duress or undue influence, and that she never in fact acknowledged the mortgage, cannot be sustained except on clear, convincing and satisfactory evidence. The unsupported evidence of the wife alone will not suffice. *Smith* v. *Allis,* 9 N. W. Rep. 155; *Cameron* v. *Calkins,* 7 N. W. Rep. 157, 44 Mich. 531; 1 A. & E. Enc. L. (2d Ed.) 560; *Karscher* v. *Gans,* 83 N. W. Rep. 431.

*M. A. Hildreth,* for respondents.

Our statute does not cover an acknowledgment taken outside of the state. The certificate of the officer must be accompanied by higher evidence certifying to his official character and signature before such document can be offered in evidence. 1 A. & E. Enc. L. (2d Ed.) 535; *Titman* v. *Thornton,* 16 L. R. A. 41. A foreclosure by advertisement cannot be effectual as against minors or the heirs of the mortgagor because they are not parties to the record, and all these persons are entitled to redeem. *Johnson* v. *Johnson,* 3 S. E. Rep. 606; *Wilkins* v. *McGhee,* 13 S. E. Rep. 84; *Martin* v. *Noble,* 29 Ind. 216; *Kilgour* v. *Wood,* 64 Ill. 345; *Hodgen* v. *Guttry,* 58 Ill. 431; *Frische* v. *Cramer,* 16 Oh. 125; *Talman* v. *Ely,* 6 Wis. 244; *Hodgen* v. *Treat,* 7 Wis. 263; *Porter* v. *Kilgore,* 32 Ia. 279; *Valentyne* v. *Havener,* 20 Mo. 133; *Hafley* v. *Maier,* 13 Cal. 13.

YOUNG, J. Action to recover the possession of real estate and to quiet and confirm the title thereto. The real estate in controversy comprises 160 acres, situated in Traill county. The defendants are in possession under a claim of title. Plaintiff alleges that he is the owner of said land, and that defendants have no right, title, or interest therein. The case was tried to the court without a jury. No evidence was offered by the defendants. At the close of plaintiff's testimony, at the request of defendants' counsel and on his motion, findings of fact and conclusions of law were made adverse to plaintiff's claim of title. Judgment was thereafter entered declaring certain transfers, upon which plaintiff bases his claim of title, void an of no effect. Plaintiff appeals from the judgment, and requests a review of the entire case in this court.

It is a stipulated fact that on December 1, 1885, Gunder G. Emmons was the owner of the land in controversy, and it is from this common source that both parties to this action claim the title they rely upon. Plaintiff sets forth his claim of title as follows: He alleges that on December 1, 1885, Gunder G. Emmons and Ingeborg G. Emmons, his wife, executed and delivered a mortgage covering said land to one Hiram D. Upton, to secure their joint note for $700, payable to said Upton, of even date with said mortgage; that on June 1, 1894, said Upton assigned said note and mortgage to one R. C. Alexander, by an instrument in writing; that said mort-

gage contained a provision authorizing the mortgagee, his heirs and assigns, in case of default in payment of said debt or interest thereon, "to sell said premises at public auction, and convey the same agreeable to' the statutes in such case made and provided"; that, pursuant to a default in payment of the debt so secured, the said Alexander foreclosed said mortgage by advertisement,. causing the notice of sale to be published in a weekly newspaper "six times, once in each week, for six successive weeks," which notice so published fixed the time of sale on June 13, 1896, at 2 o'clock p. m.; that on said date said premises were sold to R. C. Alexander, and a sheriff's certificate of sale duly issued to him; that thereafter, to-wit, on June 18, 1897, no redemption having been made, a sheriff's deed was duly issued to the said Alexander, the purchaser at said sale; that thereafter to-wit, on June 21, 1897, the said Alexander conveyed said premises to the plaintiff by executing and delivering to him a warranty deed therefor. All of the instruments above referred to were duly recorded in the proper office.

It is apparent that, if the foreclosure proceedings and the several conveyances are valid, plaintiff's title is perfect, and he is entitled to the relief he demands.. The defendants do not claim title or right of possession by virtue of any conveyance. Their rights, if any they have, rest solely upon the fact that they are the heirs at law and next of kin of Ingeborg G. Emmons, who died prior to the foreclosure proceedings hereinbefore referred to. At the time of the execution of the mortgage, and up to the time of her death, she occupied the land in question with her husband as their homestead, and since her death the defendants have continued to so occupy it. One of the defendants, Peter Emmons, is still in his minority. The facts placed in issue by the answer are few, and require but brief mention.

The execution of the mortgage by Ingeborg G. Emmons is denied; also the assignment of the note and mortgage from Upton to Alexander. An examination of the evidence transmitted to this court leaves no doubt in our minds that the mortgage was executed by her, and that it was assigned to Alexander by Upton, as alleged in the complaint. The execution of the mortgage is satisfactorily shown by the testimony of one of the persons who witnessed its execution, and by the certificate of the notary public attached thereto, certifying to the acknowledgment of its execution by the mortgagors before such notary public. The transfer of the note and mortgage to Alexander is established by the introduction in evidence of the original written assignment, executed by Upton and duly acknowledged by him before a notary public, which acknowledgment is certified to by the notary public over his official signature and seal. Objection was made to the admission of this instrument on the ground that it is incompetent, and that no foundation was laid for its introduction. The particular ground of objection is that, the

instrument having been executed and acknowledged in New Hampshire before a notary public of that state, it is necessary to have attached thereto the certificate of some other officer of that state of higher official rank, certifying to the official character and signature of such notary public, before the same can be held to be an acknowledged instrument, within the meaning of the statutes of this state. The objection is not well taken. Sections 3573, 3575, 3576, Rev. Codes, authorize the proof or acknowledgment of instruments to be made before a notary public, within this or any other state or foreign country. The authentication of the certificate of acknowledgment taken by a notary public is prescribed by § 3586, Rev. Codes, which provides that the certificate shall be authenticated by the signature and official seal of the officer. Aside from these express statutory provisions, it is a well-settled rule of law that "courts will take judicial notice of the seal of a notary public, and it proves itself *prima facie* by its appearance upon the certificate." *Green* v. *Gross,* 12 Neb. 117, 10 N. W. 459, and cases cited on page 124, 12 Neb., and page 461, 10 N. W.; *Hoadley* v. *Stephens,* 4 Neb. 431; *Galley* v. *Galley,* 14 Neb. 174, 15 N. W. 318; *Southerin* v. *Mendum,* 5 N. H. 420. The assignment was accordingly acknowledged, within the meaning of § 5696, Rev. Codes, and, under the authority of said section, was entitled to be read in evidence without further proof. No further facts are in dispute. The questions which remain for consideration relate to the alleged invalidity of the foreclosure proceedings, and the legal effect of the foreclosure, if valid, upon the rights of the heirs of Ingeborg Emmons, deceased.

It was urged at the trial in the District Court that the entire foreclosure proceedings were void, and that the sheriff's deed issued to Alexander pursuant thereto, and the deed of the latter to plaintiff, conveyed no title, for the reason that "the publication of the notice of mortgage sale is insufficient to comply with the statutes in this, to-wit, that the publications occurred on May 7, 1896, May 14, 1896, May 21, 1896, May 28, 1896, June 4, 1896, and June 11, 1896, and the sale took place on June 13, 1896, being a period of only 37 days." The foregoing quotation from the language of the order of the trial judge correctly states the facts as to the publication of the notice and date of sale, and gives the sole ground relied upon by the trial court in rendering the judgment appealed from. The case was decided before our decision was announced in the case of *McDonald* v. *Nordyke Marmon Co.,* 9 N. D. 290, 83 N. W. 6, wherein for the first time a construction was placed upon § 5848, Rev. Codes, which governed the publication of the notice of mortgage sale now under consideration. In that case the statute now in force, namely, § 5848, was distinguished from the antecedent provisions found in § 5414, Comp. Laws, under which *Finlayson* v. *Peterson,* 5 N. D. 587, 67 N. W. 953, 33 L. R. A. 532, was decided, and was construed to only require a publication of the notice of sale six times, once in each

week for six successive weeks, prior to the date of sale, instead of a period of 42 days, as under the former enactment. In *McDonald* v. *Nordyke Marmon Co.,* supra, we said: "Under the present law, the notice is required to be published before the sale 'six times, once each week, for six successive weeks.' When this is done, there need be made no perplexing computations of days or weeks." No reasons are advanced by counsel for respondents, and none have occurred to us, for questioning the entire soundness of that construction. It follows, therefore, that the trial court was in error in holding the foreclosure proceedings invalid. The notice was published in strict conformity to the statute governing such publication.

It is also earnestly urged by respondents' counsel that, notwithstanding the regularity and validity of the foreclosure proceedings, they are ineffectual against minors and heirs of the mortgagors, because it is a foreclosure by advertisement, and they are not parties to the record, and that it does not, therefore, cut off their right to redeem. This contention is based upon the theory that the power of sale contained in the mortgage authorizing the mortgagee, his heirs, and assigns, to sell the land described in the mortgage, pursuant to the statute regulating the manner of exercising the right so conferred, was merely a naked power, one not coupled with an interest, and that it was therefore revoked by the death of Ingeborg Emmons, one of the mortgagors, and that, therefore, as to the heirs of said Ingeborg Emmons, the foreclosure is without effect. A large array of cases is presented by counsel as supporting this position. All but two of them relate to foreclosure by action wherein necessary parties were omitted. It is, of course, well settled that such persons are not cut off by such a foreclosure and upon elementary principles. None of these cases have reference to the effect of a statutory foreclosure under a power of sale, and are not in point. *Johnson* v. *Johnson,* (S. C.) 3 S. E. 606, and *Wilkins* v. *McGehee,* (Ga.) 13 S. E. 84, however, squarely hold that a power of sale in a real estate mortgage cannot be exercised after the death of a mortgagor, and that a sale made thereafter does not cut off the rights of the heirs at law of the mortgagor. The express ground of these decisions is that the power of sale in those states is not a power coupled with an interest, and is therefore revoked and rendered incapable of execution by the death of the mortgagor. In holding that the power of sale was not coupled with an interest, and so expired at the death of the mortgagor, it would appear that the courts in the cases just cited were largely controlled by the fact that in those states there was "no statute recognizing or declaring the effect or providing a method for the execution of the power. It could be executed only as any other power of attorney in the name of the principal." But, however that may be, the almost unanimous voice of authority is the other way. 2 Perry, Trusts, § 602, states that "it is a universal rule that a power coupled with an interest is irrevocable, and, as to a power of sale inserted in a mortgage,  *  *  *

it is a power coupled with an interest, and it cannot be revoked by any act of the donor or grantor of the power. Not even the death or insanity of the grantor or donor will annul the power or suspend its exercise. The debt remains, the right or lien on the property remains, and the power is coupled with them." The doctrine just stated, that neither death nor disability will suspend or terminate the power, is supported by the following cases: *Conners* v. *Holland,* 113 Mass. 50; *Varnum* v. *Meserve,* 8 Allen, 158; *Hudgins* v. *Morrow,* 47 Ark. 515, 2 S. W. 104; *Beatie* v. *Butler,* 21 Mo. 313, 64 Am. Dec. 234; *Jones* v. *Tainter,* 15 Minn. 512, (Gil. 423.); *Encking* v. *Simmons,* 28 Wis. 272; *Meyer* v. *Kuechler,* 10 Mo. App. 371; *VanMeter* v. *Darrah,* (Mo. Sup.) 22 S. W. 30; *Berry* v. *Skinner,* 30 Md. 567. In support of the doctrine that the power of sale is a beneficial power coupled with an interest, see *Jencks* v. *Alexander,* 11 Paige, 624; *Wilson* v. *Troup,* 2 Cow. 195, 14 Am. Dec. 458; *Anderson* v. *Austin,* 34 Barb. 319, *King* v. *Duntz,* 11 Barb. 191; *George* v. *Arthur,* 2 Hun. 406; *Cole* v. *Moffit,* 20 Barb. 18. In this jurisdiction the doctrine of these cases has been recognized, and to some extent embodied, in the following sections of the statute: Section 4710 declares that the power of sale in a mortgage is a trust; and § 3419 declares that it is a part of the security, and vests in the person entitled to the security. Section 3403 distinguishes it from a simple power of attorney to convey real property in the name of the owner. Section 4350, which provides that the power of an agent shall be terminated by revocation, death, or incapacity, expressly excepts powers coupled with an interest in the subject of the agency. Section 5844 provides that "every mortgage of real property containing a power of sale may, upon default being made in the conditions of such mortgage, be foreclosed by advertisement," etc. That no limitation is in fact placed upon the exercise of the power is also made plain by § 5857, which directs that the surplus, if any, at the sale shall be paid to the mortgagor, his representatives or assigns, which plainly contemplates a sale after the death of the mortgagor. These several sections are identical in language with § § 4354, 2829, 2813, 4007, 5424, 5411, Comp. Laws, which were construed by the Supreme Court of South Dakota in a learned and exhaustive opinion written by Kellan, J., in *Reilly* v. *Phillips,* (S. D.) 57 N. W. 780, which was a case involving the precise questions under consideration and upon facts almost identical. In that case the widow and heirs of a deceased mortgagor made the same claim that is set up by these defendants. That court, after a careful investigation, reached the conclusion that "both under our statute or without it the power of sale is one so coupled with an interest that it survives the death of the grantor." We fully agree with this conclusion, and approve the following language as directly applicable and controlling in this case: "She [the deceased mortgagor] could leave no more to her heirs than she herself had at the time of her death. Their rights must be measured by hers.

They took her place, and might only do with respect to the property what she might do. The rights of the heirs having accrued subsequent to the mortgage, they are subordinate to it, not only to the lien of the mortgage, but to the power of sale which it conveyed as a part of the security. * * * By the statute of our state no notice of sale is required to be served upon anybody. General notice to all interested is given by publication. There are no parties to the proceeding, as in an action for foreclosure; and yet the proceeding, where authorized by a power of sale in the mortgage, was, without question, intended to take the place of a foreclosure by action, and to have the effect of an old foreclosure in equity. The statute having made no provision for service of notice of the sale either upon heirs or others interested in the mortgaged property, such service, if made, would be entirely voluntary on the part of the mortgagee, and could add nothing to the legal effect of the sale. This court cannot add to the statute another provision requiring that express notice shall be given to minor heirs or their guardian in order to make the foreclosure sale effective against them. If, as the law stands, a foreclosure would be good with such actual notice, it is good without it."

It follows from what we have already said that the foreclosure in question was regular and valid, and that the defendants, having failed to redeem within the time allowed by law, have no right, title, or interest in said premises, and that the plaintiff is entitled to judgment confirming his title to said real estate, and enjoining said defendants from asserting any claim or demand thereto, and giving possession thereof to the plaintiff. The District Court is accordingly directed to enter an order vacating its judgment heretofore entered, and to direct the entry of a judgment in plaintiff's favor for the relief to which he is entitled, as above stated.

Counsel for respondents in his oral argument, and also in his brief filed in this court, requested that, in the event of an adverse decision, the case be sent back to the District Court for a new trial. Section 5630, Rev. Codes, under which this case was tried and the appeal taken, among other things provides that this court may, "if it deem such a course necessary to the accomplishment of justice, order a new trial of the action." Just how broad a discretion is intended to be given by the language quoted is a matter of much doubt. But it is clear that the power so conferred should not be exercised arbitrarily or capriciously, but only upon substantial grounds. Such grounds do not exist in this case. It is true the respondents did not introduce any evidence in the District Court, for the reason, as appears, that the court held with the views of respondents' counsel, which were presented at the close of plaintiff's case, namely, that the notice of sale was insufficient, and the foreclosure proceedings void. The opportunity existed, however, for presenting testimony, if respondents so desired. There is not in this case even the suggestion of a possibility of establishing facts which would alter the conclusions we have already announced. Under such circumstances,

it certainly would not be in furtherance of justice to grant the request, and the same is denied. Judgment is reversed, and the District Court will enter judgment as heretofore directed. All concur.