## THOMAS v. ISSENHUTH *et al.*

1. Where the record on appeal contains what purports to be findings of fact presented to the court by plaintiff, marked "Sustained," but such findings are insufficient to support the judgment, the court will assume there are no findings on which the judgment was based; the judgment itself not purporting to be based on any findings of fact.

2. In an action to vacate foreclosure proceedings had by advertisement, and to cancel the record thereof on the ground that the notice of foreclosure was not given for the length of time required by the Code, the entry of judgment without having made any findings of fact and conclusions of law is erroneous, under Code Civ. Proc. § 276, providing that, on the trial of a question of fact by the court, its decision must be given in writing, and that no judgment shall be rendered until after the filing of such decision, and section 277, providing that, in giving the decision, the facts found and the conclusions must be separately stated, and judgment on the decision entered accordingly.

3. A motion to dismiss an action on the ground that the complaint does not state facts sufficient to constitute a cause of action will not lie.

4. Code Civ. Proc. § 639, relating to foreclosure of mortgages by advertisement, provides that notice that a mortgage will be foreclosed by sale of the mortgaged premises must be given by publication for six successive weeks. Civil Code § 2445, provides that whenever, in any act providing for publishing notices, the phrase "successive weeks" is used, the term "weeks" shall be construed to mean calendar weeks, and publication on any day in such weeks shall be sufficient publication for that week. Held that, under the latter section, Code Civ. Proc. § 639, is so modified that a notice of foreclosure by advertisement which is published for six successive weeks, once in each week, is sufficient, though but thirty-seven days intervened between the first publication and the date of sale.

(Opinion filed July 13, 1904.)

Appeal from circuit court, Beadle county; Hon. J. H. Mc-Coy, Judge.

Action by E. M. Thomas against Franklin Issenhuth and another. From a judgment for defendants, plaintiff appeals. Reversed.

*Wood & Fairbank*, for appellant.

*Wm. Issenhuth*, for respondents.

CORSON, P. J. This is an action to vacate and set aside foreclosure proceedings had by advertisement, and to cancel the record of the same. It is contended by the appellant that the court erred in entering judgment without first making and. filing findings of fact and conclusions of law. On the 22d day of December, 1902, the court, without having made any findings in favor of the defendant, entered the following decree: "The above entitled action having come on for hearing on the 20th day of March, 1902, and the defendant * * * having moved at the commencement of the trial of the said action for the dismissal of the same on the ground that no tender of any kind whatsoever had been made said defendant, and for the further

reason that said complaint did not state facts sufficient to constitute a cause of action against said defendant, * * * and the court having heard the evidence offered upon the trial of said case by both plaintiff and defendants, and having considered the argument and authorities submitted by counsel, * * * and the court being fully advised in the premises, it is hereby ordered, adjudged and decreed that the said action should have been, and the same is hereby, dismissed, and that said plaintiff pay the costs of said action." This decree was filed and entered of the 26th day of December, 1902.

We are of the opinion that the appellant's contention is correct. There is in the record what purport to be certain findings of fact presented to the court by the plaintiff, marked "Sustained." But it will be noticed by the judgment of the court that it does not purport to be based upon any findings of fact, and clearly there is nothing in the findings marked "Sustained" that supports the judgment; hence we shall assume that there are no findings upon which the judgment was based. Section 276 of the Code of Civil Procedure provides: "Upon the trial of a question of fact by the court its decision must be given in writing * * * and no judgment shall be rendered or entered until after the filing of such decision." And section 277 provides: "In giving the decision the facts found and the conclusions must be separately stated. Judgment upon the decision must be entered accordingly." N. W. Elevator Co. v. Lee, 15 S. D. 114, 87 N. W. 581.

Again, a motion to dismiss an action on the ground that the complaint does not state facts sufficient to constitute a cause of action is clearly irregular. If the complaint does not state the necessary facts, the defect therein can only be called to the

attention of the court by a demurrer to the same before the trial, or by an objection to the introduction of evidence at the trial. In the former case the order sustaining or overruling the demurrer can only be reviewed by this court on an appeal from the order or from the judgment upon a proper record. In the latter case the ruling of the court excluding or admitting evidence can only be reviewed upon an appeal from the judgment or order denying a new trial when proper exceptions to the court's ruling have been taken and preserved in the record.

The judgment of the court, not being authorized, was irregular, and must be reversed and a new trial granted.

As the record in this case presents one question that will necessarily arise upon a new trial, we deem it proper to express our opinion upon it at this time, as the question has been fully argued by the respective counsel. The action was instituted, as we have seen, by the plaintiff, to vacate and set aside the foreclosure preceedings, which were had by advertisement, based upon the alleged fact that the notice of such forclosure was not given for the lengtn of time required by the Code. It is conceded that the notice was published once each week for six successive weeks. but there were only thirty-seven days intervening between the first publication and the day of sale. It is contended by the plaintiff that, as the notice of sale in the foreclosure proceedings was only published thirty seven days, the sale was absolutely void. We are of the opinion that this contention of the plaintiff is untenable. Section 639 of the Code of Civil Procedure provides: "Notice that such mortgage will be foreclosed, by the sale of the mortgaged premises, or some part of them must be given, by publishing the same, for six successive weeks, at least once in each week. * * *"

But this section is modified and changed by section 2445 of the Civil Code, which reads as follows: "Whenever in any act or statute of South Dakota providing for the publishing of notices the phrase 'successive weeks' is used, the term weeks shall be construed to mean calendar weeks, and the publication upon any day in such weeks shall be sufficient publication for that week. Provided, that at least five days shall intervene between such publication and all publications heretofore or hereafter made in accordance with the provisions of this section shall be deemed legal and valid." The latter section was enacted by the Legislature of 1889 and constitutes chapter 38 of the Session Laws of that year (Laws 1889, p. 51), and hence was in force in January, 1892, when the property was sold under the foreclosure proceedings. It will be observed that by the latter section the phrase "successive weeks" is construed to mean calendar weeks, and the publication upon any day in the week is declared to be sufficient notice for that week, and that all publications made in accordance with the provisions of that section shall be deemed legal and valid. It will thus be seen that the former section was so modified by the latter that, where the notice is published for six successive weeks once in each week, the law is complied with, and the notice is sufficient, although six full weeks of forty-two days have not elapsed between the date of the first publication and the day of sale. Under this view, the notice was clearly sufficient, for, as before stated, it is conceded that it was published once in each week for six successive weeks.

The appellant has called our attention to the case of Finlayson v. Peterson, 5 N. D. 587, 67 N. W. 953, 33 L. R. A. 532, 57 Am. St. Rep. 584, and insists that the Supreme Court of

North Dakota has, in effect, held that the latter section did not change or modify the former, as respects the time in which a notice of foreclosure sale should be published. But that learned court declined to pass upon the question, as the foreclosure proceedings it was reviewing were consummated several years prior to the enactment of the law of 1889.

As the other questions discussed by counsel may not arise upon another trial, we do not deem it necessary to consider them at this time.

The judgment of the court below is reversed, and a new trial ordered.

---

HA SER v. SEELEY *et al.*, Br wn County Commissioners.