## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA.

## COTTON v. HORTON et al.

### (132 N. W. 225.)

**Mortgage — notice of sale — publication for number of weeks.**

1. Under chapter 38, Sess. Laws (Dak.) 1889, publication of a notice of real estate mortgage foreclosure sale upon any day of the week was a sufficient publication for that calendar week, which commenced the previous Sunday morning, and a similar publication upon six such successive weeks next prior to the sale was sufficient notice of the sale, provided the several publications had been at least five days apart. The case of Finlayson v. Peterson, 5 N. D. 587, 33 L.R.A. 532, 57 Am. St. Rep. 584, 67 N. W. 953, is a construction of the law as it existed prior to March 8, 1889, the case at bar construes the law in force from March 8, 1889, to January 1, 1896, and the case of McDonald v. Nordyke Marmon Co. 9 N. D. 290, 83 N. W. 6, in an interpratation of the law as it has stood since January 1, 1896.

**Champerty — deed by one out of possession.**

2. Deed in this case was given by one out of possession, and who had not received the rents or profits from the premises for more than a year just previous to the execution of the deed. *Held* void, as against one in possession, under color of title of a foreclosure sale, and the possession of a tenant, or the possession of a tenant of a prior owner, *held* to be the possession of the defendant.

22 N. D.—1.

**Mortgage — abandonment of premises to mortgagee — estoppel.**

> 3. A mortgagor who for twenty years after a foreclosure sale has abandoned the premises to the mortgagee cannot assert title in a court of equity, and this estoppel applies to persons claiming under such mortgagor, through such abandoned title.

**Mortgage — payment of, as condition of quieting title.**

> 4. The doctrine that one who seeks equity must do equity will compel the payment of an outlawed mortgage as a condition precedent to the quieting title in the mortgagor.

Opinion filed May 27, 1911.

Appeal from District Court, Emmons county; *Winchester, J.*

Action by Fred H. Cotton against J. E. Horton and Henry W. Stevens. Judgment for plaintiff, and defendants appeal.

Reversed, with directions to enter judgment for defendant Stevens.

*Armstrong & Cameron (John H. Perry* and *George R. Krause,* of counsel), for appellants.

*George W. Lynn, C. C. Coventry,* and *H. C. Lynn,* for respondent.

BURKE, J. This is an action in equity brought by the plaintiff to quiet title to a quarter section of land in Emmons county, North Dakota. The facts were stipulated in the court below, and from such stipulation it appears that in September, 1884, one Mary A. Packer, being then the owner, mortgaged the said premises to one Dudley. Default having occurred in the payments secured by the mortgage, foreclosure was made under power of sale in said mortgage contained, and upon the 10th day of August, 1891, the premises were sold and bid in by the mortgagee, who, in the year 1903, conveyed the same to the defendant Horton, for full value. Horton, later on, deeded to the defendant Stevens. Mrs. Packer paid nothing upon the mortgage debt after the year 1890, and the taxes have been paid by these defendants or their grantors since the year 1885. Mrs. Packer removed from the premises following the foreclosure, and has been a resident of the state of Montana since the year 1895. She had received no rents or profits from the premises for a year prior to the quitclaim deed given to the plaintiff in the year 1907. This plaintiff claims title under a quitclaim deed from Mrs. Packer, which recites a consideration of $1 and other valuable considerations. The mortgage debt and the taxes paid by the

defendants are still unpaid, and neither Mrs. Packer nor Mr. Cotton offers to pay them. The premises is untilled land, but the defendants and their grantors have had possession through their tenants, and have collected rent therefrom since the year 1900. The foreclosure sale is conceded to be valid in all things, excepting that the first publication of the notice of sale was made upon Friday, July 3, 1891, and the sale was made upon Monday, August 10, 1891, thirty-eight days later.

1. Plaintiff contends that such sale was absolutely void, because the notice of sale was not published "for six successive weeks" (forty-two days), and relies upon the holding of this court in the case of Finlayson v. Peterson, 5 N. D. 587, 33 L.R.A. 532, 57 Am. St. Rep. 584, 67 N. W. 953. There is this important difference between the Finlayson Case and the case at bar: The Finlayson sale was made in the year 1885, while this sale was made in the year 1891. In the interim, chapter 38 of the Laws 1889 was enacted, reading: "Whenever in any act or statute of the territory of Dakota providing for the publishing of notices, the phrase 'successive weeks' is used, the term 'weeks' shall be construed to mean calendar weeks, and the publication upon any day in such weeks shall be sufficient publication for that week, provided, that at least five days shall intervene between such publications, and all publications heretofore or hereafter made in accordance with the provisions of this act shall be deemed legal and valid."

We believe the plain reading of the first part of this chapter is that a publication upon any day of the first week of the "six successive weeks" should be sufficient publication for the entire calendar week, commencing Sunday morning. A similar publication for six successive weeks would satisfy the law. The sale might be held upon the first week day of the seventh week. In the case at bar, the publication upon Friday, July 3d, was publication for the entire calendar week beginning June 28th and ending July 4th; publication on July 10th would be sufficient publication for the week beginning Sunday, July 5th, and ending Saturday, July 11th, the second successive week. The sixth successive week began Sunday, August 2d, and ended Saturday, August 8th. The sale took place Monday of the following (seventh) week. Respondent argues that said chapter was enacted to settle a dispute that had arisen as to whether notices printed inadvertently upon different days of the several weeks were valid. We see no reason why

the legislature should not intend to settle both questions at the same time, and it is our conclusion that they did so intend.

The Finlayson sale, as we have said, was made in the year 1885, but was not presented to this court until about the year 1896. This court was therefore aware of the passage of chapter 38, Laws 1889, and discusses said chapter fully in the opinion. After setting out both sides of the controversy, the court contents itself with holding that said chapter was not retroactive, and could not apply to a sale made before its passage and approval. It is therefore apparent that the status of mortgage foreclosure sales made between the 8th day of March, 1889, and the 1st day of January, 1896, has not been heretofore passed upon by this court; the cases of McDonald v. Nordyke Marmon Co. 9 N. D. 290, 83 N. W. 6, and Grandin v. Emmons, 10 N. D. 223, 54 L.R.A. 610, 88 Am. St. Rep. 684, 86 N. W. 723, being an interpretation of the law as amended by the legislature of 1895, and as it stands to-day. Rev. Codes 1895, § 5848; Rev. Codes 1905, § 7459. We hold, therefore, that the sale in the case at bar was upon sufficient notice, and is valid, and that the defendant Stevens is entitled to a decree quieting title to the premises in himself.

2. Although not necessary for a decision of this case, we will pass upon three other points fairly arising upon the record of this case. We conclude that the plaintiff cannot recover in this action, for the reason that the quitclaim deed obtained by him from Mrs. Packer was champertous and void, as against these defendants. It is contended that the defendants are not shown to be in such possession of the premises as entitles them to invoke this rule, but it is stipulated that the defendants and their grantor have had tenants in possession of the premises since the year 1900, and have received the rents during those years. We hold this possession sufficient to render the quitclaim deed champertous. See Schneller v. Plankinton, 12 N. D. 561, 98 N. W. 77. Also see Galbraith v. Payne, 12 N. D. 164, 96 N. W. 258, which has been followed generally by this court, and most recently in Burke v. Scharf, 19 N. D. 227, 124 N. W. 79.

3. Plaintiff's claim of title is also defeated by the clear acts of abandonment of his grantor, Mrs. Packer. Her failure to pay the mortgage debt, or any part thereof, for twenty years; her failure to pay the taxes for over twenty years; her removal from the state,—all

testify as to her intent. Having abandoned the land to the mortgagee for so long a time, she and her assigns are estopped to assert the abandoned title, especially against an innocent purchaser for value, who is in possession. See Higbee v. Daeley, 15 N. D. 339, 109 N. W. 318; Bausman v. Faue, 45 Minn. 418, 48 N. W. 13; Johnson v. Erlandson, 14 N. D. 518, 105 N. W. 722; Shelby v. Bowden, 16 S. D. 531, 94 N. W. 416; Farr v. Semmler, 24 S. D. 290, 123 N. W. 835; Ford v. Ford, 24 S. D. 644, 124 N. W. 1108; 16 Cyc. 718; 11 Am. & Eng. Enc. Law, 394; Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495; Pom. Eq. Jur. 802.

4. And lastly plaintiff cannot prevail in this action in equity, because he has not offered to do equity by paying the mortgage and the taxes. See Tracy v. Wheeler, 15 N. D. 248, 6 L.R.A.(N.S.) 516, 107 N. W. 68, a case very similar to the one at bar.

It follows from the foregoing conclusions that the order of the District Court should be reversed, and said court is directed to enter an order quieting title to the premises in the defendant Stevens.

Morgan, Ch. J., not participating.