VAN VALZAH et al, Appellants, v. HANSON et al, Respondents.

(216 N. W. 872.)

(File No. 5707. Opinion filed December 20, 1927.)

Johnson & Simons, of Sioux Falls, for Appellants.

Thad L. Fuller, of Aberdeen, and Walter A. Gronna, of Clear Lake, for Respondents.

MORIARTY, C. This appeal is from an order sustaining a general demurrer to the complaint.

The facts alleged in the complaint are as follows:

The appellants hold a second mortgage on a certain tract of land in Deuel county. The respondent is the sheriff of said county and is about to issue a sheriff's deed upon a certain sale certificate covering said land. Said certificate was issued in a proceeding purporting to foreclose by advertisement the first mortgage to which appellants' mortgage is junior. The notice of sale in said foreclosure proceeding was published in a weekly newspaper for six successive issues, the first publication being on Thursday, December 14, 1922, and the last publication being on Thursday, January 18, 1923. The notice stated that the sale would be made on Saturday, January 27, 1923, and the certificate shows that the sale was actually made on that day.

Appellants contend that the sale is void because one regular publication day intervened between the last publication and the date of the sale.

Section 2879 of the Revised Code of 1919 provides that, in proceedings of this class:

The notice "must be given by publishing the same, for six successive weeks, at least once in each week, in a newspaper of the county where the premises intended to be sold, or some of them, are situated."

And section 8 of said Code provides:

"Whenever, in any act or statute providing for the publishing of notices, the phrase 'successive weeks' is used, the term 'weeks' shall be construed to mean calendar weeks, and the publication upon any day in such weeks shall be sufficient publication for that week."

In Thomas v. Issenhuth, 18 S. D. 303, 100 N. W. 436, this court was called upon to construe sections 8 and 2879, as applying to a proceeding wherein the notice was published six times, but only thirty-seven days had elapsed between the first publication and the day of sale. And in that case the court held the notice sufficient. But in the later case of Printup v. Kenner, 43 S. D. 473, 180 N. W. 512, the court cites from the decision of the North Dakota court in Cotton v. Horton, 22 N. D. 1, 132 N. W. 225, the following language:

"We believe the plain reading of the first part of this chapter is that a publication upon any day of the first week of the 'six successive weeks' should be sufficient publication for the entire calendar week, commencing Sunday morning. A similar publication for six successive weeks would satisfy the law. The sale might be held upon the first weekday of the seventh week."

And this court calls attention to the fact that the North Dakota statute construed in Cotton v. Horton is identical with our statutes, and says that the interpretation and construction placed upon the statute by the North Dakota court is correct, and that the decision of this court in Thomas v. Issenhuth, supra, is incorrect and erroneous, but should be allowed to stand as the law of this state under the doctrine of stare decisis.

 the decisions of this court in Thomas v. Issenhuth, supra, and Printup v. Kenner, supra, established the law of this state to be as follows:

In foreclosures by advertisement the notice of sale must be published for six successive calendar weeks, once in each week.

Publication on any day of the week is sufficient, but at least five days must intervene between publications.

The number of days intervening between the first publication day and the day of sale is not per se material, but the sixth publication must be made before the day of sale.

The sale may be made on any day of the sixth calendar week, after the publication for that week is made, or on any day of the ensuing week, regardless of the fact that there are more than seven days between the sixth publication and the day of sale, and regardless of the fact that one of these intervening days was a publication day of the newspaper in which the notice was published.

It will readily be seen that, in the instant case, the publications were actually made once each week in each of the six calendar weeks immediately preceding the week during which the sale was made. This would be a strict compliance with the statute, even if we read into it the words "before the sale," as appellants' counsel contend that we should.

The decisions relied upon by appellants as supporting their contention do not construe statutes similar to ours. There is a clear distinction between statutes requiring publication for or during a stated number of days or weeks, and those, like our own, requiring publication once each week for a stated number of weeks. Appellants' counsel cite several decisions of the Nebraska court, but those decisions contrue a statute requiring publication for a stated number of days. And in the case of State v. Hanson, 80 Neb. 724, 115 N. W. 294, the Nebraska court clearly recognizes the distinction between the two classes of statutory requirements, when it says that there is a clear distinction between "for three weeks" and "once each week for three weeks," the former provision requiring publication for a period of time and the latter for a specified number of publications.

The publication involved in the instant case fully complied with the statute.

The order appealed from is affirmed.

CAMPBELL, P. J., and GATES, POLLEY, SHERWOOD, and BURCH, JJ., concur.

BROWN, J., not participating.