N. H. COBB AND MARY A. COBB, *Appellants*, v. MORRIS BEAR, *Appellee*.

Under Section 1 of Article XI of the State Constitution of 1885, which provides that "all property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterwards by gift, devise, bequest, descent or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing, executed according to the law respecting conveyances by married women," two subscribing witnesses thereto are essential to the validity of a mortgage executed by a married woman upon her separate real property for the purpose of securing a debt of her husband.

This case was decided by the Court En Banc.

Appeal from the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*R. P. Reese* and *J. P. Stokes,* for Appellants;

*Reeves & Watson,* for Appellee.

SHACKLEFORD, J.—The appellee filed his bill in chancery in the Circuit Court for Escambia County against the appellants for the foreclosure of a mortgage alleged to have been executed by the appellants to the appellee upon certain described lands in the counties of Escambia and Santa Rosa to secure the payment of a promissory note executed by the appellants to the appellee for the sum of $2,500.00. The appellants by their answer attempted a denial of ever having received the sum of $2,500.00, caliming to have received only the sum of $1,973.69, also a denial that the mortgage deed was "the deed of the defendants, or either of them," and also setting up the intoxication of N. H. Cobb prior to and at the time of the alleged execution of the mortgage, that the property embraced therein was the separate estate of Mary A. Cobb, the wife of N. H. Cobb, "that she signed the same under compulsion and fear of her said husband," and so stated to the Notary Public taking her acknowledgement, and that "R. A. Hyer, whose name appears as a witness to the execution of said alleged mortgage deed, was not present when the same was signed, and neither of these defendants have ever, since said time, acknowledged to him their signatures to the same." On motion of the appellee, certain portions of the answer in regard to the intoxication of N. H. Cobb, the execution of the mortgage deed under duress or compulsion by Mary A. Cobb and the absence of one of the subscribing wit-

nesses thereto, were stricken out. This ruling forms the basis for one of the assignments of error, as the ruling of the court refusing leave to the defendants to file an amended answer forms the basis for another assignment, but, in view of the conclusion which we have reached, it becomes unnecessary for us to consider either of them. A replication was filed to the answer as it stood after certain portions had been stricken out and the cause was referred to a special master to take the evidence. Upon his report of the evidence so adduced before him, covering more than one hundred typewritten pages, the court rendered a final decree in favor of the complainant in accordance with the prayers of his bill, from which decree the defendants have entered their appeal to this court.

The uncontradicted evidence establishes the fact that the real estate descried in the mortgage was the separate property of Mary A. Cobb, the wife of N. H. Cobb, and that, although there are the names of two subscribing witnesses to the mortgage, R. A. Hyer, one of such witnesses, was not present at the execution of the same. Henry Hyer, the Notary Public who took the acknowledgment and who was the other subscribing witness, testifies that R. A. Hyer, his brother, was not present at the time the defendants executed the mortgage, that at the time of such execution he told N. H. Cobb two subscribing witnesses were required and that Cobb replied to him, "Just get Mr. Bob to witness it." The witness, Henry Hyer, further testifies, "I took it to my brother's office and he witnessed it for him." No attempt was made to show that either of the defendants at any time ever acknowledged the execution of the mortgage in the presence of R. A. Hyer, or requested him to sign the same as a subscribing witness.

The framers of our State Constitution of 1885 have carefully guarded and protected the property rights of

married women. Section 1 of Article XI reads as follows: "All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterwards by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing, executed acording to the law respecting conveyances by married women."

We had occasion to construe this section in Springfield Company v. Ely, 44 Fla. 319, 32 South. Rep. 892, and we held therein that "under section 1, Article XI, Constitution of 1885, the consent of a married woman to be effective to render her separate statutory property liable for her husband's debt must be in writing, and must be executed according to the law respecting conveyances by married women appropriate for the conveyance of the class of property to which the consent relates."

Section 2460 of the General Statutes of 1906 provides that "Any married woman owning real property may sell, convey or mortgage it as she might do if she were not married, provided her husband join in such sale, conveyance or mortgage." It may be that if we had no other statute dealing with the subject subscribing witnesses would not be essential to the validity of a mortgage executed by a married woman. It may also be true that even as to a married woman subscribing witnesses are not essential to the validity of a mortgage executed by her upon her separate property, except where such mortgage was executed by her for the purpose of securing a debt of her husband. It is not necessary for us to pass upon these points or to determine whether, generally speaking, subscribing witnesses to the execution of a mortgage are required by our statutes. See Margarum, Admr. v. J. S. Christie Orange Co., 37 Fla. 165, 19 South. Rep. 637. Be all this as it may, we are clear that, under the quoted

section of our constitution and the reasoning used in Springfield Co. v. Ely, *supra,* where a mortgage is executed by a married woman upon her separate real property for the purpose of securing a debt of her husband, two subscribing witnesses thereto are essential to its validity. This must be so for the reason that such section of the constitution requires that the instrument in writing executed by a married woman in such a case shall be "executed according to the law respecting conveyances by married women." Section 2448 of the General Statutes of 1906 requires all conveyances of real estate to be "by deed in writing, signed, sealed and delivered in the presence of at least two subscribing witnesses," etc. The undisputed testimony in this case establishes the fact that the mortgage in question was executed by Mary A. Cobb, a married woman, for the purpose of securing a debt of her husband. As it was executed in the presence of only one subscribing witness, it follows that it is ineffectual and invalid and not subject to foreclosure. It becomes unnecessary to pass upon any of the other errors assigned. For the error found the decree must be reversed, with directions to dismiss the bill.

All concur, except PARKHILL, J., absent on account of illness.