NEW YORK LIFE INSURANCE CO. v. A. Y. OATES, *et ux.*

166 Sou. 269.
Opinion Filed April 5, 1935.
On Rehearing January 13, 1936.
On Motion for Additional Directions, March 9, 1936.

542

*Bradford C. Williams, Richard M. Naylor, Raymond D. Knight, Henry P. Adair, John M. McNatt* and *Knight, Adair, Cooper & Osborne,* for Appellant;

*Ira C. Hopper,* for Appellees.

PER CURIAM.—In this cause Mr. Chief Justice WHITFIELD and Mr. Justice DAVIS are of the opinion that the decree of the Circuit Court should be reversed for further appropriate proceedings while Mr. Justice ELLIS, Mr. Justice BROWN and Mr. Justice BUFORD are of the opinion that the decree should be affirmed. When the members of the Supreme Court, sitting six members in a body and after full consultation, it appears that the members of the Court are permanently and equally divided in opinion as to whether the decree should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the decree should be affirmed; therefore it is considered, ordered and adjudged under the authority of State, *ex rel.* Hampton, v. McClung, 47 Fla. 224, 37 So. R. 51, that the decree of the Circuit Court in this cause be and the same is hereby affirmed.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

## STATEMENT

On March 20, 1930, the original bill of complaint in a foreclosure suit was filed by the NewYork Life Insurance Company, a corporation, against A. Y. Oates and his wife, Almena Oates. On April 5, 1930, prior to the appearance day, an amended bill of complaint was filed. By leave of court on June 18, 1930, a second amended bill of complaint was filed in which it is in effect alleged that on or about June 1, 1926, A. M. Oates and his wife, Almena Oates, executed to Telfair Stockton Company, a corporation, their promissory note payable to the order of the corporation in semi-annual installments with interest at $6\frac{1}{2}$ per cent. per annum during a period of five years, with provisions for accelerating the maturity of the note for defaults of the makers; that on or about June 1, 1926, A. Y. Oates and his wife, Almena Oates, to secure the note given by them, executed to Telfair Stockton Company a mortgage instrument duly witnessed and acknowledged and recorded; that on or about June 22, 1926, the Telfair Stockton Company for valuable consideration duly assigned and transferred the note and mortgage to New York Life Insurance Company, a corporation; that complainant, "paid for and accepted delivery of said note, mortgage and assignment without any notice or knowledge of any defect or irregularity in the transaction between said Telfair Stockton & Company and these defendants and each of them, and without notice or knowledge of any defect or irregularity in the execution of said note or of said mortgage, if any irregularity or defect there was, and that your orator is the present *bona fide* owner and holder

for value of said mortgage deed, together with the note hereby secured, and all moneys due or to become due thereon, and that the same were purchased before maturity and before default of any kind or character in the payment of any of the obligations evidenced by said note and secured by said mortgage. * * *

"That the defendants filed an Answer to the original Bill of Complaint herein wherein and whereby they admitted that they signed the Note and Mortgage referred to therein and in this Second Amended Bill of Complaint, and that the defendant, A. Y. Oates, received the proceeds of the said Note and paid the amounts alleged in the Bill of Complaint herein to have been paid thereon, but they asserted in said Answer that the defendant, Almena Oates, did not know that the said Mortgage covered the land involved in this suit; that the Note and Mortgage were signed in the presence of the defendant, A. Y. Oates, only, and that neither of the witnesses who signed said mortgage was present when the said Almena Oates signed the same, and that the said Almena Oates did not appear before the Notary Public whose certificate is attached to said Mortgage and did not acknowledge said instrument in the presence of the Notary at the time she signed the same or at any other time; that she did not know of the existence of said Mortgage on the land involved in this suit until many months after June 1st, 1926; that she received no part of the proceeds of said Note and Mortgage, wherefore the defendants claim in their said Answer that the Mortgage involved in this suit was and is void and of no force and effect.

"* * * that even though the said Note was executed and delivered and the said Mortgage was executed, delivered and recorded as aforesaid and the proceeds of said Note were delivered to said A. Y. Oates as aforesaid and the

principal reductions and interest payments were made by the said A. Y. Oates as aforesaid, that never at any time until the filing of said Answer did the said Almena Oates, or any one in her behalf, make to Telfair Stockton & Company aforesaid or to your orator the aforesaid claims or representations as to lack or failure of consideration, as to lack of knowledge on her part that said Mortgage covered the property described therein, as to defective execution or acknowledgment, or any claim whatsoever as to the invalidity of said Note or said Mortgage. Your orator avers that at the time set for the execution of said Note and Mortgage the said A. Y. Oates appeared before the agent of Telfair Stockton & Company aforesaid, at the office of said Company, and requested that he be allowed to take the said Note and Mortgage to his said wife, Almena Oates, in order that she might execute the same, stating that it was inconvenient for her to come to the office of Telfair Stockton & Company aforesaid; that there was a notary and witnesses before whom it would be more convenient for the said Almena Oates to appear and that he would attend to having the papers properly executed and acknowledged; that the said agent for Telfair Stockton & Company thereupon delivered the unexecuted Note and Mortgage to said A. Y. Oates, who carried them away and later returned with them, they being then to all appearances duly and regularly executed and acknowledged, and that he then presented them to said agent who then, relying upon the validity of the said Note and Mortgage, on to-wit, the 15th day of June, 1926, delivered the proceeds of said Note and Mortgage to the said A. Y. Oates and accepted delivery of said Note and Mortgage; * * * that if any fraud or deception was practiced upon the said Almena Oates by her said husband or by any one in the matter of

procuring her signature to said Mortgage, the same was not participated in by said Telfair Stockton & Company or by your orator or by any of the agents of either of them, and neither they nor any of their agents knew of any fraud or misrepresentation in the premises; that if there was any irregularity whatsoever in the execution or acknowledgment of the said Mortgage or any irregularity, fraud or deception in the manner of procuring the same, such irregularity, fraud and deception were each and every committed without notice to or knowledge of said Telfair Stockton & Company or your orator or any of their agents, and your orator avers that under the circumstances in this case the defendants and each of them by reason of their act and conduct are estopped to deny in this Court of equity the validity of the said Note and Mortgage or to contest the lien of said Mortgage."

The copy of the mortgage attached to and made a part of the bill of complaint, shows the execution and certificate of acknowledgment of the mortgage to be as follows:

"IN WITNESS WHEREOF, said Mortgagors have executed these presents under seal at Lakeland, in Polk County, Florida, the day and year first above written.

"A. Y. OATES (SEAL)
"ALMENA OATES (SEAL)

"Signed, sealed and delivered in the presence of the following witnesses:

"A. F. PECHARD,
"LEONE C. McGOWAN.

"STATE OF FLORIDA,
"COUNTY OF POLK.

"Before me personally appeared A. Y. Oates and Almena Oates, his wife, both of whom are to me well known, and known to me to be the individuals described in and who executed the foregoing mortgage, and acknowledged to and before me that they executed said mortgage for the purpose therein expressed; and the said Almena Oates, well known to me and known to me to be the wife of said A. Y. Oates, upon a separate and private examination, taken and made separately and apart from her said husband, acknowledged before me that she executed said instrument freely and voluntarily, without any compulsion, constraint, apprehension or fear of or from her said husband, for the purposes herein set forth.

"WITNESS my hand and official seal, this first day of June, 1926.

"(NOTARIAL SEAL)      "LEONE C. McGOWAN,
                      "Notary Public for the State of Florida at Large. My Commission expires Dec. 15, 1929."

By answer:

"The Defendants admit that the said Almena Oates never made known to Telfair Stockton & Company or to the Complainant her claims or representations as to the lack or failure of consideration or her lack of knowledge that the said mortgage covered the property described therein, or as to the defective execution or acknowledgment or any claim whatsoever as to the invalidity of said note or said mortgage, but the said Almena Oates avers that both the complainant and its agent, Telfair Stockton & Company, had

a better opportunity of knowledge as to said matters than the said Almena Oates had, and that she could make no such claims to the said parties because she had no knowledge of the existence of said mortgage and she had no knowledge of the existence of said note until foreclosure was threatened and until shortly before the same was actually instituted. * * *

"The defendant, A. Y. Oates, of his own knowledge, and Almena Oates, on information and belief, aver that the note and mortgage were executed by both defendants, but that the said Almena Oates did not know that the said mortgage covered her said homestead property, but thought at the time she signed the same that the said mortgage covered other property belonging to the Defendant, A. Y. Oates, and that the said Almena Oates would never have signed said note and mortgage had she known that their purport was the creation of an indebtedness and lien against the said homestead property. Answering further, in the manner aforesaid, Defendants say that the note and mortgage were not signed by the said Almena Oates in the presence of the witnesses who signed said mortgage and that the said Almena Oates did not appear before the notary public whose certificate is attached to said mortgage and did not acknowledge said instrument in the presence of said notary or in the presence of any other notary at the time she signed the same or at any other time, and that the said Almena Oates received no part of the proceeds of said note and mortgage and did not know of their existence until shortly before this foreclosure was brought."

Testimony was taken by a special master and reported to the court. The court struck testimony objected to by complainant relating to the attestation and acknowledgment of the mortgage, and decreed for the complainant.

A rehearing sought on the ground of newly discovered evidence as to the execution and acknowledgment of the mortgage by Mrs. Oates was denied on the ground "that the said proffered testimony is inadmissible by reason of the negotiation of the said mortgage and of the note thereby secured to an innocent party prior to the maturity thereof and without notice of any defects therein." Defendants appealed from the final decree and from the order denying a rehearing. The final decree was reversed and the cause remanded for further proceedings. Oates v. New York Life Ins. Co., 113 Fla. 678, 152 So. 671.

Upon being remanded, further testimony was taken by a special master and by depositions. Thereupon on August 3, 1934, a final decree was rendered for the defendants in which it is stated that

"There is no question in this cause but that Mr. and Mrs. Oates both signed the mortgage, and there is no question of duress or fraud in procuring the signature of Mrs. Oates. Likewise, there is no question but that Mr. Oates got the money secured, or attempted to be secured, by the mortgage. Likewise, there is no question but that Mr. Oates took the mortgage from the office of Telfair Stockton Company to have same executed, and returned same to the Telfair Stockton Company, signed by himself and wife and showing on its face to be properly witnessed and acknowledged.

"* * * this Court * * * finds that the defendant, Almena Oates, did not appear before the notary public whose certificate is appended to the mortgage described in the bill of complaint, that she did not acknowledge same before said notary public, or any notary public, * * *"

A petition for rehearing was presented for the complainant containing grounds which in effect state that the evi-

dence does not sustain the finding that Mrs. Oates did not acknowledge before the notary the execution of the mortgage, and in effect state that the evidence warranted an adjudication that the defendants are estopped to assert as a defense to the suit, that Mrs. Oates did not acknowledge before the notary public the execution of the mortgage by her.

The petition for rehearing was denied and complainant appealed from the final decree of August 3, 1934, and also from the order denying a rehearing of August 14, 1934.

The Constitution provides that the homestead "real estate shall not be alienable without the joint consent of husband and wife when that relation exists." Sec. 1, Art. 10.

"Nothing in this article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists." Sec. 4, Art. 10.

"All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterward by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women." Sec. 1, Art. XI.

Conveyances of real estate are required to be "by deed, signed, sealed and delivered in the presence of at least two subscribing witnesses." Sec. 5660 (3787) C. G .L. See Springfield Co. v. Ely, 44 Fla. 319, 32 So. 892; Cobb v. Bear, 57 Fla. 370, 49 So. 29; Russell v. Henslee, 101 Fla. 1318, 132 So. 489.

The statutes of the State contain the following:

"Any married woman owning real property may sell, convey or mortgage it as she might do if she were not married, provided her husband join in such sale, conveyance or mortgage." Sec. 5674 (3801) C. G. L.

"Any married woman having a right of dower in any real property may relinquish it by joining in the conveyance or mortgage of such real property, or by a separate deed executed in like manner as other conveyances." Sec. 5675 (3802) C. G. L.

"To render such sale, conveyance, mortgage or relinquishment, whether of separate estate or of dower, effectual to pass a married woman's estate or right, she must acknowledge, before some officer authorized to take acknowledgment of deeds, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements." Sec. 5676 (3803) C. G. L.

Homestead real estate is defined and the method of its alienation is stated in the Constitution. It may be alienated only in the manner provided by the Constitution, which is "by deed or mortgage duly executed" by husband and wife, if that relation exists. "Duly executed * * * by husband and wife" means executed by husband and wife in the manner prescribed by law for the execution by them of conveyances or mortgages of real estate.

The wife has an equal interest with the husband in an estate by the entireties. English v. English, 66 Fla. 427, 63 So. 822; Ohio Butterine Co. v. Hargrave, 79 Fla. 458, 84 So. 376; Bailey v. Smith, 89 Fla. 303, 103 So. 833; Ferris-Lee Lbr. Co. v. Fulghum, 98 Fla. 171, 123 So. 697.

As to homesteads in estates by the entireties, see Oates v. New York Life Ins. Co., 113 Fla. 678, 152 So. 671; Menendez v. Rodriguez, 106 Fla. 214, 143 So. 223.

WHITFIELD, C. J.—This suit was brought by the assignee of the mortgagee to foreclose a mortgage by husband and wife upon an estate by the entireties on which their homestead was located. There was a final decree for defendants and complainant appealed. On a prior appeal a final decree for complainant was reversed for further proceedings. Oates v. New York Life Ins. Co., 113 Fla. 678, 152 So. 671.

The mortgage and the loan note payable by installments during five years, were dated June 1, 1926, and were assigned to the complainant, June 22, 1926, the original mortgagee being Telfair Stockton .& Company, a corporation.

In substance the defense interposed was that the mortgage is invalid because the wife did not acknowledge its execution before the officer who made the certificate of acknowledgment attached to the mortgage as shown in the statement of this case.

The court held that the evidence showed the execution of the mortgage was not acknowledged by the wife before the officer who made the certificate of such acknowledgment, and dismissed the bill of complaint.

On this appeal the appellant in effect contends that the evidence does not overcome the official certificate which states that the execution of the mortgage by the wife was acknowledged by her before the officer; and that the admitted and proved conduct of the husband and wife in the matter of signing, recording and delivery of the mortgage, the receipt of a loan thereon and the payments made on the loan, warrants an adjudication of estoppel of the husband and wife to deny that the wife did acknowledge the exe-

cution before the officer, the mortgage being now held by an assignee for value and without notice of any latent defect, if any, in the mortgage that on its face is duly executed by the husband and the wife.

The appellees contend that the evidence clearly shows that the wife did not acknowledge before the officer the execution of the mortgage as required by the Constitution and the statutes; and that consequently the mortgage is void and inoperative.

If the mortgage is effectual or ineffectual as to the homestead, it is likewise effectual or ineffectual as to the other property, if any, owned by the mortgagors and covered by the mortgage, the circumstances of the case applying to the mortgage as a whole.

The married woman here is not shown to have been a free dealer under the statute when the mortgage was executed. Secs. 5024 (3218), 5027 (3221) C. G. L.; Lerch v. Barnes, 61 Fla. 672, 54 So. 763.

Under the Constitution and laws of Florida as set out in the statement, the *due execution* by husband and wife of a mortgage on real estate held by the entireties or on homestead real estate includes:

(1) The appropriate signing, under seal, of the mortgage instrument by the husband and wife, each in the presence of at least two persons who sign the instrument as attesting witnesses;

(2) The acknowledgment by the wife before an officer authorized to take acknowledgments of deeds, separately and apart from her husband, that she executed the identified mortgage instrument freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband.

(3) A certificate of such officer over his or her signature and seal of office, setting forth a compliance with all the foregoing statutory requirements as to the acknowledgment made before such officer;

(4) Delivery of the mortgage instrument.

In order to have the mortgage instrument duly recorded under Sections 5698 (3822), 5699 (3823), 5700 (3824) C. G. L., the execution of the mortgage instrument must be acknowledged by the parties executing the instrument, or the execution thereof by such parties must be proven by a subscribing witness thereto, before an authorized officer; and the certificate of the officer before whom the acknowledgment or proof shall be taken shall contain and set forth substantially the matter required to be done or proved to make such acknowledgment of proof effectual.

As shown in the statement, the official certificate appended to the mortgage instrument in this case contains a statement that the husband and wife acknowledged to and before the officer that they executed the mortgage for the purpose therein expressed. This satisfied the requirement of the statute to authorize the mortgage to be recorded.

The official certificate also states that the wife "upon a separate and private examination, taken and made separately and apart from her said husband, acknowledged before me that she executed said instrument freely and voluntarily, without any compulsion, constraint, apprehension or fear of or from her said husband."

The certificate is duly authenticated; and it, together with the signing under seal of the mortgage instrument by the husband and wife, attested by two witnesses, shows at least *prima facie* that the provisions of the Constitution and the statutes on the subject have been complied with, whereby the mortgage is to be regarded as valid, unless under the

averments of the answer the official certificate of the acknowledgment of execution of the mortgage by the wife is duly overcome so as to render the mortgage invalid.

"Where a married woman signed a mortgage of land in the presence of witnesses and the only contention in avoidance of the mortgage is that she did not acknowledge to or before the officer separate and apart from her husband the execution of the mortgage, the certificate of the officer of due acknowledgment of the execution of the mortgage by her separate and apart from her husband, will prevail where there is evidence to sustain the certificate, and it is not overcome by clear, strong and convincing testimony." Bank of Jennings v. Jennings, 71 Fla. 145, 71 So. 31.

"The fact that a wife was induced to execute a mortgage by fraud and deception on the part of her husband in which the mortgagee did not participate and of which he had no knowledge, does not affect its validity." Smith v. Commercial Bank, 77 Fla. 163, 81 So. 154.

Where a mortgage on homestead real estate owned and held as an estate by the entireties, appears upon its face and by the appended official certificate to have been executed and acknowledged by the husband and wife in accordance with the requirements of the Constitution and laws of the State, such mortgage instrument is at least *prima facie* valid as an encumbrance upon the property; and the official certificate of due acknowledgment of the execution of the mortgage instrument by the wife, being quasi judicial in its nature, will stand to sustain the validity of the mortgage until it is overcome as may be authorized by law.

Where in a suit to foreclose such a mortgage, it is admitted or duly proven that the mortgage was signed by both the husband and the wife, but it is averred as a de-

fense that the wife did not appear before or acknowledge the execution of the mortgage before the officer whose cer-tificate states that she did so appear and acknowledge the execution of the mortgage, then, in the absence of estoppel, such averment as a defense may be proven by convincing evidence. Hutchinson v. Stone, 79 Fla. 157, 84 So. 151; Randall v. Twitchell, 98 Fla. 559, 124 So. 21; Morris v. Shepard, 104 Fla. 121, 139 So. 189; Smith v. Hogan, 117 Fla. 82, 157 So. 183; Suttle v. Wold, 117 Fla. 802, 158 So. 447; Smith v. McEwen, decided at this term.

Where it is admitted or duly proven that the wife did appear before the officer concerning the execution of the mortgage by her, she will be estopped to assert that she did not make the statutory acknowledgment of the execution of the mortgage as may be properly stated in the officer's certificate. But if it be clearly shown by convincing testimony of disinterested witnesses that there was fraud or duress in procuring the execution of the mortgage or in taking acknowledgment of the execution by the wife, in which fraud or duress the holders of the mortgage or their privies participated, or of which fraud or duress they had or could reasonably have had knowledge or notice, the mortgage holders will be estopped to enforce the mortgage. See Shear v. Robinson, 18 Fla. 379; Bank of Jennings v. Jennings, 71 Fla. 145, 71 So. 31; Smith v. Commercial Bank, 77 Fla. 163, 81 So. 154; Rausch v. Eqt. L. Assn. Soc., 77 Fla. 846, 82 So. 295; Green v. First Nat'l Bank, 85 Fla. 51, 95 So. 231; Herald v. Hardin, 95 Fla. 889, 116 So. 863; Morris v. Shepard, 104 Fla. 121, 139 So. 189.

In their answer the husband and wife admit that the wife signed the mortgage instrument; but the answer avers that the wife did not appear before the officer and did not acknowledge the instrument in the presence of the officer.

On such averment it may be shown by positive, clear, convincing and legally sufficient evidence, as by sufficient competent testimony and corroborating circumstances, that the wife did not appear before the officer who certified that she did appear before him and acknowledge the execution of the mortgage; and such showing may invalidate the mortgage, unless in estoppel it may be and is shown that by reason of the conduct of the wife in knowingly signing the mortgage instrument with the blank certificate of acknowledgment appended thereto and designed to be executed under the law, or by reason of other conduct of the wife concerning the transaction, her husband or his agent was enabled to have the appending certificate of the wife's acknowledgment that she executed the mortgage, authenticated by an officer, thereby making the mortgage valid on its face, upon the faith of which a loan was made.

It is claimed that such conduct and its consequences are shown, for which the husband and wife should be estopped to assert as a defense to the suit that the wife did not appear before or acknowledge before the officer the execution of the mortgage by her. If such estoppel is adjudicated, the official certificate will stand to sustain the mortgage which on its face is duly executed and acknowledged as required by the Constitution and laws of the State.

Without determining whether the evidence justifies the finding of the chancellor that the wife did not appear before the officer and did not acknowledge before any officer that she executed the mortgage, the decree should be reverssd, because an issue of estoppel was made and not adjudicated by the court, though such issue of estoppel was referred to in grounds of the petition for rehearing which the chancellor by order denied; and such order is appealed from and assigned and argued here as error.

It is alleged that a previous mortgage to another party was given by the husband and wife upon the same property and that the proceeds of the present mortgage loan on the property were used, or procured on the representation that the same would be used, in the payment of the previous mortgage loan, wherefore it is claimed that the original mortgagee and its assignee, the complainant, are subrogated to all the rights, titles and interests which the mortgagee in the previous mortgage had. But the right of subrogation so asserted was not duly shown to exist.

Unlike numerous previous cases, estoppel of the defendants is pleaded in this case; and evidence relating thereto was adduced. The doctrine of estoppel is a part of the common law of the State adopted by statute, see 87 (71) C. G. L.; and the Constitution does not forbid the operation of such law where duly adjudicated.

A married woman in proper cases may be estopped by her conduct concerning the execution of acknowledgment of instruments affecting real estate in which she is interested. See Maiben v. Bobs, 6 Fla. 381; Hobbs v. Frazier, 61 Fla. 611, 55 So. 848; Ponce de Leon Fountain of Youth Co. v. Day, 90 Fla. 197, 105 So. 814; Phillips v. Lowenstein, 91 Fla. 89, 107 So. 350; Mexican Rubber Co. v. Ackley, 101 Fla. 552, 134 So. 585; Kansas City Life Ins. Co. v. Harroun, 44 Idaho 643, 258 Pac. 929; Ehle v. Looker, 182 Mich. 248; Hamling v. Aetna Life Ins. Co., 34 Fed. (2nd) 112; 32 A. L. R. 737.

In Coogler v. Rogers, 25 Fla. 853, 7 So. 391, it is said:

"This court in an early day and in a well considered case, used the following language: 'The technicalities incident to an estoppel, especially *in pais*, are gradually giving way to considerations of reason and practical utility; and the courts of the present day seem disposed to give force and

efficiency to a doctrine which is based upon principles of justice and the purest morality.' Camp v. Moseley, 2 Fla. 197, text.

"From cases cited above, and numerous others adjudicated, the law of estoppel may be briefly laid down as follows:

"1. Words and admissions, or conduct, acts and acquiescence, or all combined, causing another person to believe in the existence of a certain state of things.

"2. In which the person so speaking, admitting, acting and acquiescing, did so wilfully, culpably or negligently.

"3. By which such other person is or may be induced to act so as to change his own previous position injuriously."

See also Warner v. Watson, 35 Fla. 402, 17 So. 654; Johnson v. Elliott, 64 Fla. 318, 59 So. 944. First Nat. Bank v. Ashmond, 33 Fla. 416, 14 So. 886.

This suit does not relate to title, but to the recovery of money loaned upon the faith of a mortgage instrument which appears on its face to be duly executed.

Payment of the debt will extinguish the claim of a lien and prevent foreclosure decree and sale of the property. Complainant assignee of the mortgage for value, is not at fault; and defendants have received a loan which if repaid or otherwise settled will satisfy the demand for repayment of the loan.

In McClure v. American National Bank, 67 Fla. 32, 64 So. 427, estoppel was decreed upon the face of the note and mortgage held by an assignee in due course. Here the estoppel asserted is predicated upon the conduct of the mortgagors which it is in effect alleged operated to the detriment of a *bona fide* assignee for value of a mortgage alleged to have been defectively executed by the mortgagors, but which mortgage is valid on its face. See First National

Bank v. Ashmead, 33 Fla. 416, 14 So. 886; Hutchinson v. Stone, 79 Fla. 157, 84 So. 151; McEwen v. Schenck, 108 Fla. 119, 146 So. 839; Flowers v. Schenck, 110 Fla. 256, 148 So. 581. In Cobb v. Bear, 57 Fla. 370, 49 So. 29, the question of estoppel was not adjudicated.

In Wilkins v. Lewis, 78 Fla. 78, 82 So. 762, the husband did not join the wife in executing a mortgage on her separate property, and the wife was not a free dealer.

In the following cases the transaction had reference to conveyances, and not to mortgages. See Carn v. Haisley, 22 Fla. 317; Walling v. C. & C. Groc. Co., 41 Fla. 479, 27 So. 46; Adams v. Malloy, 70 Fla. 491, 70 So. 463; Shad v. Smith, 74 Fla. 324, 76 So. 897; Wright v. Wright, 75 Fla. 7, 77 So. 616; Phillips v. Lowenstein, 91 Fla. 89, 107 So. 350; McDonald v. McDonald Holding Co., decided at this term.

TERRELL and DAVIS, J. J., concur.

ELLIS, BROWN and BUFORD, J. J., dissent.

BROWN, J. (dissenting).—This case has heretofore been before us on an appeal from a decree rendered in favor of the complainant in the court below, New York Life Insurance Co., 113 Fla. 678, 152 So. 671.

As I read the chancellor's carefully prepared opinion, rendered in connection with his final decree after the retrial of the case in the court below he had considered the question of estoppel, and he also overruled a petition for rehearing filed by the New York Life Insurance Company which was largely based upon the doctrine of estoppel. In his order overruling said petition for rehearing, the chancellor stated nothing was set forth therein which the court had not previously considered.

I think, therefore, that the only thing for us to consider on this appeal, is whether or not the record shows sufficient

facts to estop Mrs. Oates from interposing the defense to the mortgage which was interposed.

The chancellor in his opinion commented upon the testimony and stated that it undoubtedly shows that Mrs. Oates never appeared before the Notary who took the acknowledgment, and I take it that the majority opinion does not intend or purport to overthrow this finding of the chancellor on the evidence. Under our well established rule, we would not be authorized to reverse the chancellor's findings on the facts unless they were clearly erroneous. That the chancellor was not inclined to reach this conclusion from the facts unless the evidence compelled him to do so is shown by the following quotation from his opinion:

"Very frankly, this Court does not approve of defenses of this character. It is the policy of this Court, and has been the policy of this Court in situations of this kind, wherever this Court could consistently do so without stultifying himself by findings contrary to that which he was clearly convinced the record proved, to hold such mortgage good, or in the event that he could not do so, to enforce the lien on some other theory, either by equitable lien in the case of Homestead, or a married woman's separate estate, or by subjection of the property to the payment of a debt of a married woman, where that was permissible under the record. This Court, however, has repeatedly refused to find the facts with reference to acknowledgments to the contrary to what the record clearly proves to the mind of this Court, merely in order to attempt to prevent defendants from availing themselves of such a defense. I recall distinctly that in many cases this Court has held, even though it very much hated to do so, that the wife did not appear before the notary public and that the mortgage was not validly executed, but in most, if not all cases heretofore, this

Court has been able to enforce the payment of all, or the major portion of such indebtedness on other equitable grounds. This Court recalls especially that in the case of Virginia Oates, *et al.,* v. Prudential Life Insurance Company, and Morrow, *et al.,* v. Jefferson Standard Life Insurance Company, and Boynton v. Williams, three cases which went to the Supreme Court and were affirmed; this Court decided that the mortgages were not properly executed mortgages because the wife did not appear before the notary public, and the Court would have so decided, having been convinced that the record proved such to be the case, even if the Court had not been able to have enforced the payment of all, or the major portion of the indebtedness in each of said cases by record and other classes of liens. I think it would be and is the policy of all Courts where the record will permit it without stultification, to enter such decree as will preclude such defense being successfully made. Nevertheless, it is not the policy of this Court, and I do not think it is the policy of any Court, to deliberately make a finding of fact which the Court considers contrary to all the evidence, simply because some defendant interposes a defense which the Court does not approve of, but which is a perfectly valid and legal defense under the laws of our State. I have carefully considered the evidence in this cause and there can be no doubt in my mind and there is no doubt in my mind from the record in this cause, but that Mrs. Almena Oates, the wife of A. Y. Oates, one of the defendants in this cause, did not appear before the notary public who purported to take the acknowledgment of the mortgage held by the complainant in this cause. To my mind, the evidence is too clear and convincing on this point to leave any doubt in the mind of the Court."

The chancellor evidently considered carefully every phase of the testimony.

Unless the mere signing of the mortgage by Mrs. Oates can estop her from questioning the validity of the notary public's certificate of acknowledgment upon the grounds that she never appeared before such notary, the evidence in the case as I understand it, is not sufficient to show estoppel as against Mrs. Oates. And, to hold that the mere signing of the mortgage would estop a married woman from questioning the validity of a certificate of acknowledgment which was taken by an officer before whom the party executing the mortgage never appeared, would defeat the purpose of the constitutional and statutory provisions on that subject which are referred to in the majority opinion. I think that Section 5676 C. G. L., plainly establishes a legislative policy to the effect that to render a conveyance or mortgage effectual to pass a married woman's estate or right, she must acknowledge before some officer authorized to take acknowledgments and deeds, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and that the officer's certificate must set forth all the foregoing requirements.

Undoubtedly, a married woman can estop herself to question the validity of the certificate of acknowledgment in various ways, but the mere signing of the mortgage or deed involved, under the circumstances shown by this case, is not sufficient, in my judgment, to create such estoppel. Like the chancellor below, I do not look with favor upon defenses of the sort interposed in this case, except where the wife has plainly been imposed upon and compelled to sign a mortgage or deed against her will. But we must have respect for, and enforce, the plain provisions of our Con-

stitution and statutes, and the public policy therein expressed, where, as here, the married woman took no part in the negotiation of the loan and received none of the money and where she never appeared before the notary who pretended to take her acknowledgment.

Frankly, I wish that I might reach a different conclusion but it seems to me that this conlcusion is inevitable under the law and the facts in this case, and that the decree of the chancellor should therefore be affirmed.

ELLIS, J., concurs in the conclusion.

BUFORD, J., concurs specially.

BUFORD, J. (dissenting).—In addition to what has been said by Mr. Justice BROWN, in which I concur, I wish to say that I think this Court should either definitely adhere to the rule stated in McEwen, *et ux.,* v. Schenck, 108 Fla. 119, 146 Sou. 839, or else overrule what was said in that opinion and adopt the rule which the present writer stated as his reason for dissenting in that case, that is that the testimony of the interested husband and wife alone should be held insufficient to overcome the certificate of acknowledgment supported by the sworn testimony of the officer making the same.

I am of the opinion that the sworn testimony of the officer that he did take the acknowledgment would add nothing to the proof of verity of the certificate. It is well settled that he could not be heard to impeach the certificate. Therefore, he could only be heard to testify one way and in that he only reaffirms what he has already said in the certificate.

This case was when before this Court on a former appearance (see 113 Fla. 678, 152 Sou. 671) reversed on authority of Menendez, *et al.,* v. Rodriquez, 106 Fla. 214, 143 Sou. 223, and McEwen, *et ux.,* v. Schenck, *supra.*

The chancellor in entering his decree after the mandate went down followed the law as enunciated in those cases, and as enunciated in the headnotes of those cases and unless we overrule what was said in those cases, there is no justification in reversing the decree of the chancellor entered in conformity therewith.

ELLIS, J., concurs.

### ON REHEARING GRANTED

PER CURIAM.—This case was originally decided by an evenly divided Court on April 5, 1935. Afterward, a rehearing was granted and the case argued before the Supreme Court sitting *en banc*. On the rehearing Mr. Justice ELLIS was absent on account of illness, and Mr. Circuit Judge JOHN B. JOHNSON, of the Second Judicial Circuit was, by order of this Court, duly selected to sit as a member of this Court in substitution for Mr. Justice ELLIS.

On a reargument of this case, a majority of the Court consisting of Mr. Chief Justice WHITFIELD, Mr. Justice TERRELL, Mr. Justice DAVIS and Circuit Judge J. B. JOHNSON are of the opinion that the principles of law set forth in the opinion of Mr. Chief Justice WHITFIELD, as filed herein on April 5, 1935, are correct and applicable to this case, but that in view of the confusion that has heretofore prevailed in the interpretation of this Court's first opinion in this case as reported under the style of Oates .v. New York Life Ins. Co., 113 Fla. 678, 152 Sou. Rep. 671, when considered in the light of what has been said in the opinion of Mr. Chief Justice WHITFIELD hereinbefore mentioned, as well as the issues that appear to have been submitted for decision in the Court below and not therein specifically and in terms ruled on, they are of the opinion that the ends of justice will be best subserved by now vacating the decree

appealed from, without prejudice, in order that the cause may be remanded to the Circuit Court for rehearing and reconsideration in the light of the opinion of Mr. Chief Justice WHITFIELD.

Mr. Justice BROWN and Mr. Justice BUFORD have heretofore stated their views in this case and from their several opinions they have not receded.

Let judgment be entered on rehearing vacating and reversing the final decree without prejudice, and without costs to either side, with directions that the whole cause be remanded to the Circuit Court for further consideration and disposition, after a full rehearing and reconsideration of all of the issues of law and fact in the light of the opinion of this Court hereinbefore approved by a majority of the Court as the applicable law of this case to be considered and applied to its disposition.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

## ON MOTION FOR ADDITIONAL DIRECTIONS

PER CURIAM.—No mandate has been given to the chancellor to decide the facts of this controversy in the Court below in any particular way. Our last decision in effect does nothing more than grant a rehearing before the chancellor of the whole controversy. While in deciding the case on such rehearing, the chancellor is bound to follow and apply the applicable rules of law as last set forth in the opinion of Mr. Chief Justice WHITFIELD, which was agreed to by a majority of the Supreme Court, the decision of this case itself still remains with the chancellor, insofar as the weight and legal effect of the evidence in the case may be concerned when it is again heard by him on the rehearing we have in effect ordered in the Court below.

It is not within the province of the Supreme Court to give any additional directions to the chancellor in the case, other than such as have already been set forth in our previous opinions· and in our mandate, therefore the motion for same is denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.