H. E. Pritchett, *et al.,* v. New York Life Insurance Company, *et al.*

170 So. 700.
Opinion Filed July 27, 1936.
Rehearing Denied September 9, 1936.

*Claude L. Gray* and *George W. Johnson,* for Appellant; *Bradford G. Williams, Raymond D. Knight, Henry P. Adair, John M. McNatt* and *Knight, Adair, Cooper & Osborne,* for Appellees.

### STATEMENT.

The Constitution of Florida contains the following:

"All property, real and personal, of a wife owned by her before marriage, or lawfully acquired by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women." Sec. 1, Art. XI.

"A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof; or for money or thing due upon any agreement made by her in writing for the benefit of her separate property; or for the price of any property purchased by her, or for labor

and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property, or for agricultural or other labor bestowed thereon with her knowledge and consent." Sec. 2, Art. XI.

The statutes of Florida contain the following:

"Any married woman owning real property may sell, convey or mortgage it as she might do if she were not married, provided her husband join in such sale, conveyance or mortgage." Sec. 5674 (3801) C. G. L.

"Any married woman having a right of dower in any real property may relinquish it by joining in the conveyance or mortgage of such real property, or by a separate deed executed in like manner as other conveyances." Sec. 5675 (3802) C. G. L.

"To render such sale, conveyance, mortgage or relinquishment, whether of separate estate or dower, effectual to pass a married woman's estate or right, she must acknowledge, before some officer authorized to take acknowledgment of deed, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements." Sec. 5676 (3803) C. G. L.

The amended bill of complaint to foreclose a mortgage upon the separate property of a married woman, contains the following:

"That on or about the second day of June, 1927, the said Effie F. Pritchett and the defendant, H. E.. Pritchett, who was then and there the husband of the said Effie F. Pritchett, for a valuable consideration hereinafter more particularly set forth, made, executed and delivered to Stockton Mortgage Company, a Florida corporation, their certain promissory note dated June 1, 1927, in the principal sum of

$15,000.00; that said note was and is payable on the dates and in the manner following, to-wit: Four Hundred and Fifty Dollars ($450.00) on December 1, 1927; Four Hundred and Fifty Dollars ($450.00) on June 1, 1928; Four Hundred and Fifty Dollars ($450.00) on December 1, 1928, and a like sum of Four Hundred and Fifty Dollars ($450.00) on the first days of June and December in each year thereafter to and including December, 1936; and the balance of Six Thousand Four Hundred and Fifty Dollars ($6,450.00) on the 1st day of June, 1937; that the entire unpaid principal of said note bore interest at the rate of six and one-half per centum ($6\frac{1}{2}\%$) per annum, payable semi-annually on the 1st days of December and June in each year, both principal and interest being payable at the office of Telfair Stockton & Company in Lakeland, Florida; * * *.

"That on or about the said 2nd day of June, 1927, in order to secure the payment of said promissory note, said Effie F. Pritchett, being then seized and possessed, as aforesaid, of that certain piece, parcel or tract of land situate in the County of Polk, State of Florida, particularly described as follows:

"Lots numbered One (1), Two (2) and Three (3), in Block lettered 'C,' of Alta Vista, a subdivision of Lakeland, Florida, according to plat thereof recorded in Plat Book 6, at page 8, public records of Polk County, Florida, and joined by her said husband, H. E. Pritchett, duly executed, acknowledged and delivered to said Stockton Mortgage Company, their mortgage dated June 1, 1927, on said property; * * *.

"That on, to-wit, the 16th day of June, A. D. 1927, said Stockton Mortgage Company, a corporation, for valuable consideration, to-wit, the sum of Fifteen Thousand Dollars ($15,000.00), endorsed without recourse, to the order of

the plaintiff, New York Life Insurance Company, and delivered to the plaintiff, said New York Life Insurance Company, said promissory note, executed by said Effie F. Pritchett and H. E. Pritchett, to said Stockton Mortgage Company in the principal sum of Fifteen Thousand Dollars ($15,000.00) as hereinbefore set forth, and on said note assigned, transferred and set over to the plaintiff, New York Life Insurance Company, said mortgage which secured said note; that on, to-wit, June 21, 1927, said assignment of mortgage was recorded amongst the public records of Polk County, Florida, in Mortgage & Lien Assignment Book 253 at page 473; that said note was endorsed to and said mortgage was assigned to the plaintiff before maturity or default, and at the time of the delivery of said note and mortgage, said Stockton Mortgage Company was the lawful holder and owner of said note and mortgage; that a true copy of said assignment is attached hereto as 'Exhibit C' and by this reference is made a part hereof.

"That plaintiff is now the lawful holder and owner of said promissory note and mortgage, and now has the said note and mortgage in its possession."

The answer to the amended bill of complaint contains the following:

"Respondents expressly deny the allegations as contained in Paragraph Four of said Amended Bill of Complaint, and particularly deny that portion thereof which charges that the said Effie F. Pritchett duly signed, witnessed, and acknowledged said mortgage described or any other security for the alleged debt, and for further answer to said Paragraph, these Respondents aver that the mortgage referred to in said Paragraph was not signed or witnessed or acknowledged by the said Effie F. Pritchett, in the presence of a Notary or any other officer authorized to take acknowl-

edgments in the State of Florida, and further aver that the said Z. H. Sanders, the Notary Public, whose certificate of acknowledgment appears appended to the copy of the purported mortgage deed annexed to said Amended Bill of Complaint, was never in the presence of the said Effie F. Pritchett at the time she signed said mortgage or at the time said certificate of acknowledgment was thereto appended, or at any other time and Respondents would further show the facts to be that the said Z. H. Sanders came to the house or home of the said Effie Pritchett on or about the date said mortgage is alleged to have been executed and brought said mortgage with him and at that time, the said Effie F. Pritchett was confined to her bedroom in the second story of the home of Effie Pritchett and seriously ill, and that the said H. E. Pritchett received said alleged mortgage into his possession and carried the same upstairs where the said Effie F. Pritchett signed the same, beyond the presence of the said Sanders and in the presence of the said H. E. Pritchett, her husband, and that the said H. E. Pritchett then carried the alleged mortgage downstairs and delivered it to the said Sanders, who thereafter appended his certificate to said mortgage without ever having had the said Effie F. Pritchett appear before him or in his presence and acknowledged the execution."

The findings of the Special Master contain the following:

"I find that on or about June 2, 1927, one Effie F. Pritchett, of Lakeland, Florida, now deceased, and her husband, H. E. Pritchett, one of the defendants in this suit, signed and delivered to Stockton Mortgage Company, a corporation, a certain promissory note filed in evidence before me as Plaintiff's Exhibit Number One; that on or about the Second day of June, A. D. 1927, the said Effie F. Pritchett and the said H. E. Pritchett also signed and

sealed the certain mortgage filed in evidence before me as Plaintiff's Exhibit Number Two; that the property described in said mortgage was the separate statutory property of the said Effie F. Pritchett; that said mortgage was by the said Effie F. Pritchett and H. E. Pritchett signed, sealed and delivered in the presence of two subscribing witnesses, Thelma P. Miller, and Z. H. Sanders, who also signed the same, as indicated on said mortgage, and further, that the said mortgage so described, as aforesaid, was by the said H. E. Pritchett and Effie F. Pritchett acknowledged to and in the presence of Z. H.. Sanders, the Notary Public who signed the certificate of acknowledgment shown on said mortgage and affixed his seal thereto, and that the said certificate of acknowledgment so signed and sealed by the said Notary Public is true and valid.

"With regard to this point, I have not overlooked the testimony of H. E. Pritchett and Thelma P. Miller, in which they deny that the Notary Public went upstairs and was present at the time the said mortgage was signed by the said Effie F. Pritchett; but the said H. E. Pritchett and Thelma P. Miller are both substantially and financially interested in the outcome of this suit, the testimony of the said H. E. Pritchett as a whole, given in my presence, and his manner, were such as to lessen my confidence in his truthfulness, and the circumstances, surrounding the entire case as brought out by the evidence at the different hearings before me keep me from believing the testimony of the said Thelma P. Miller with regard to whether or not Notary Public was in Mrs. Pritchett's presence when the mortgage was signed. * * * The certificate of the Notary to the effect that Mrs. Pritchett appeared before him should not be impeached except upon clear and convincing testimony (Smith v. McEwen, 161 Southern Reporter 68), and

in the present case I consider the testimony of the defendants' witnesses far short of what would be required, and it is clear to my mind that the certificate of the Notary Public as to the appearance of Mrs. Pritchett before him should be upheld.

"I find that of the sum of Fifteen Thousand Dollars ($15,-000.00) described in said promissory note and in said mortgage as the consideration therefor the said Effie F. Pritchett received the amount of Fourteen Thousand One Hundred Five and 26/100 Dollars ($14,105.26), as shown by a check dated at Lakeland, Florida, June 2, 1927, payable in said amount to the said Effie F. Pritchett, and endorsed by the said Effie F. Pritchett personally, and shown by the mark of the bank upon which it was issued to have been paid on June 2, 1927, which check is filed in evidence as Plaintiff's Exhibit Number Four; and that on account of the loan secured by said mortgage there was paid to the Tax Collector of Polk County, Florida, the sum of Forty-nine and 20/100 Dollars ($49.20) for taxes on the mortgaged property, as shown by check filed as Plaintiff's Exhibit Number Five, and there was further paid the sum of Fifty-five and 20/100 Dollars ($55.20) for taxes to the City of Lakeland on the said mortgaged property, as shown by check filed as Plaintiff's Exhibit Number Six, and the further sum of Twenty-five and 25/100 Dollars ($25.25) to Lakeland Abstract & Title Insurance Company for abstract on said property, as shown by check filed as Plaintiff's Exhibit Number Seven. Certain evidence is offered of a loan expense of Seven Hundred Fifty Dollars ($750.00), and a loan statement showing this item was marked and filed for identification, but was not admitted in evidence. * * *

"I further find from the note and the mortgage and other evidence before me that there is due and owing on the said

promissory note so signed by the said Effie F. Pritchett and H. E. Pritchett, and secured by the said mortgage signed by the same parties, the principal sum of Thirteen Thousand and Two Hundred Dollars ($13,200.00), with interest thereon. * * *."

The chancellor confirmed the findings of the master and decreed for the complainant.

Appeals were taken from the final decree and from subsequent orders and decrees.

WHITFIELD, C. J.—This is a suit to foreclose a mortgage upon real estate, the separate property of Effie F. Pritchett, wife of H. E. Pritchett, the wife not being a free dealer under the Florida statute when the mortgage was given.

The bill of complaint was filed August 1, 1934, by New York Life Insurance Company against H. E. Pritchett, a widower, Thelma Pritchett Miller and her husband, and others. Mrs. Effie F. Pritchett died before the bill of complaint was filed.

The note is dated June 1, 1927, and is signed:

"EFFIE F. PRITCHETT (SEAL)

"H. E. PRITCHETT (SEAL)"

The mortgage is dated June 1, 1927, and the execution thereof is as follows:

"IN WITNESS WHEREOF, said Mortgagors have executed these presents under seal at Lakeland, in Polk County, Florida, the day and year first above written.

"Signed, sealed and delivered in the presence of the following witnesses:

"THELMA P. MILLER.

"EFFIE F. PRITCHETT (SEAL)

"Z. H. SANDERS.

"H. E. PRITCHETT     (SEAL)

"State of Florida,
"County of Polk.

"Before me personally appeared H. E. Pritchett and Effie F. Pritchett, his wife, both of whom are to me well known, and known to me to be the individuals described in and who executed the foregoing mortgage, and acknowledged to and before me that they executed said mortgage for the purposes therein expressed; and the said Effie F. Pritchett, well known to me and known to me to be the wife of the said H. E. Pritchett, upon a separate and private examination, taken and made separately and apart from her said husband acknowledged before me that she executed said instrument freely and voluntarily, without any compulsion, constraint, apprehension or fear of or from her said husband, for the purposes therein set forth.

"Witness my hand and official seal, this 2nd day of June, 1927.

"Z. H. Sanders,
"Notary Public."

"My Commission expires Nov. 26, 1928."

The mortgage executed to Stockton Mortgage Company, a corporation, was recorded June 3, 1927. On June 16, 1927, the mortgage was assigned by Stockton Mortgage Company to New York Life Insurance Company; and the assignment was filed for record June 21, 1927, and recorded. Z. H. Sanders, the officer who took the acknowledgment of the execution of the mortgage and who witnessed it, died in September, 1934, before the answers were filed. The answer of H. E. Pritchett and other parties interested in the title to the property was filed November 30, 1934. The defendants by such answer "expressly deny the allegation as contained in Paragraph Three of said Bill of Complaint

and particularly deny that portion thereof which charges that the said Effie F. Pritchett duly signed, witnessed, and acknowledged said mortgage described or any other security for the alleged debt and for further answer to said Paragraph, these Respondents aver that the mortgage referred to in said Paragraph was not signed or witnessed or acknowledged by the said Effie F. Pritchett, in the presence of a Notary or any other officer authorized to take acknowledgments in the State of Florida, and further aver that the said Z. H. Sanders, the Notary Public, whose certificate of acknowledgment appears appended to the copy of the purported mortgage deed annexed to said Bill of Complaint, was never in the presence of the said Effie F. Pritchett at the time she signed said mortgage or at the time said certificate of acknowledgment was thereto appended, or at any other time, and Respondents would further show the facts to be that the said Z. H. Sanders came to the house or home of the said H. E. Pritchett on or about the date said mortgage is alleged to have been executed and brought said mortgage with him and at that time the said Effie F. Pritchett was confined to her bedroom in the second story of the home of H. E. Pritchett and seriously ill, and that the said H. E. Pritchett received said alleged mortgage into his possession and carried the same upstairs where the said Effie F. Pritchett signed the same, beyond the presence of the said Sanders and in the presence of the said H. E. Pritchett, her husband, and that the said H. E. Pritchett then carried the alleged mortgage downstairs and delivered it to the said Sanders, who thereafter appended his certificate to said mortgage without ever having had the said Effie F. Pritchett appear before him or in his presence to acknowledge the execution of said alleged mortgage as required by law."

The court denied a motion to strike the above quoted portion of the answer and granted leave to amend the bill of complaint.

An amended bill of complaint was filed and the court denied motions to dismiss and to strike the bill of complaint and to strike portions thereof.

The answer to the amended bill contains averments that are in effect similar to those above quoted from the answer to the original bill of complaint. See Statement for the quotation from the answer to the amended bill of complaint and other matters

Upon notice to counsel for defendants, an order appointing a special master was made which contains the following:

"This cause be and the same hereby is referred to Don Register, Esquire, a practicing solicitor of this Court, as Special Master herein, to take the testimony and proof of the parties, and said Special Master herein appointed to take the testimony and proof of the parties is directed to make report thereof, together with his findings of law and fact and his recommendations thereon to this Court."

The master who heard and saw the witnesses testify, found that the note and mortgage were signed by the wife and her husband, and in effect also found that under the circumstances of the case, the officer's certificate of the acknowledgment by the wife of her execution of the mortgage was not legally overcome by the testimony of the husband and of the subscribing witness, Thelma Pritchett Miller, a daughter of the mortgagors, that the wife did not acknowledge the execution of the mortgage before or in the presence of the officer, the widowed husband and the daughter being interested parties, and the wife and officer having died before the defense was asserted and after pay-

ments on the mortgage were made and other transactions had recognized the validity of the mortgage.

The chancellor referred to the detailed report and findings of the master concerning the evidence on which the master ultimately found that "the statement of the notary that the wife personally appeared before him, has not been disproven." In the decree the chancellor states: "For these reasons, I am of the opinion that the Master's finding that the mortgage is a validly executed mortgage and should be foreclosed, should be sustained by this court."

Under the present laws of the State of Florida, married women, *not free dealers under the statute,* must convey or mortgage their interest in real estate, by an instrument in writing duly executed by the husband and wife; and as a necessary part of the execution of such an instrument by the wife, "she must acknowledge, before some officer authorized to take acknowledgments of deeds, separate and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements." Sec. 5676 (3803) C. G. L.

This procedure is judicial in its nature and is designed to be a convenient substitute for the proceedings at common law by fine and recovery. Hart v. Sanderson's Administrators, 18 Fla. 103; Bank of Jennings v. Jennings, 71 Fla. 145, 71 So. 31; Hutchinson v. Stone, 79 Fla. 157, 84 So. 151.

A duly authorized officer's certificate of the acknowledgment by a married woman, made separate and apart from her husband, of the execution by her of a mortgage upon real estate, in which she has a property interest, is of itself sufficient legal evidence of the facts duly stated in the cer-

tificate, in the absence of a clear and convincing showing of fraud or duress on the part of the officer or the mortgagee. When the married woman has appeared before the officer concerning the making of an acknowledgment of the execution of such a mortgage, the certificate made by the officer as authorized by law, imports verity and cannot be impeached or overcome except by clear, sufficient and convincing evidence of fraud or duress that is legally imputable to the holder of the mortgage. The appearance before the officer of the person who makes the acknowledgment of execution, is essential to the jurisdiction of the officer, and consequently essential to the validity of the officer's certificate of acknowledgment, unless there is an estoppel to deny appearance before the officer.

Where it is duly alleged and is proven by clear and convincing evidence that the acknowledgment of execution certified to by the officer was not in fact made before or in the presence of the officer, the officer's certificate may be adjudged ineffectual, unless the facts and circumstances of the case justify an adjudication of estoppel to deny that the acknowledgment was made before or in the presence of the officer as stated in the certificate.

In foreclosure proceedings where the chancellor upon legally sufficient evidence, as upon convincing testimony of disinterested witnesses consistent with the facts and circumstances of the case, finds that notwithstanding contrary averments and conflicting testimony, the execution of a mortgage by a married woman upon real estate in which she has an interest affecting the title, was acknowledged by the married woman before the officer, making the certificate of her acknowledgment sufficient on its face, such finding will not be disturbed on appeal, especially when no question of fraud or duress is involved. See citations to Section

5676 (3803) Permanent Supplement 1936 to Compiled General Laws of Florida; 1 Corpus Juris Secundum, page 837, *et seq.;* 1 American Jurisprudence, page 381, *et seq.;* New York Life Insurance Co. v. Oates, 122 Fla. 540, 166 So. 269; Hart v. Sanderson's Administrators, 18 Fla. 103; Shear v. Robinson, 18 Fla. 379, 443; Herald v. Hardin, 95 Fla. 889, 116 So. 863; Smith v. McEwen, 119 Fla. 588, 161 So. 68; 2 Florida Digest, 1846 to date, p. 40, *et seq.*

The testimony has been duly considered; and in view of the entire record, this Court concludes that the evidence is legally sufficient to sustain the finding of the master approved by the chancellor to the effect that the testimony of the husband and daughter of the deceased mortgagor is not so clear and convincing in its probative force as to justify an adjudication that the certificate of the officer is void. It is regular on its face, importing verity of official record, and has been treated by the parties as valid. The testimony does not overcome the official certificate of the notary under seal that the husband and wife "acknowledged to and before me that they executed said mortgage for the purposes therein expressed" and that the wife "upon a separate and private examination, taken and made separately and apart from her said husband, acknowledged before me that she executed said instrument freely and voluntarily, without any compulsion, constraint, apprehension or fear of or from her said husband, for the purposes therein set forth." See Secs. 5674 (3801), 5676 (3803) C. G. L.

Before the master made his report on August 15, 1934, defendants on August 12, 1934, presented a motion for leave to file as an additional defense a copy of the proceedings in a prior suit for the same foreclosure, which motion was by consent submitted to the master for decision and was denied. The prior bill was filed December 24, 1931. There

was no service of process upon the defendants and no appearance of defendants in the cause. On January 19, 1932, complainant filed a praecipe requesting the clerk to dismiss the cause without prejudice. The clerk entered an order dismissing the cause without prejudice.

The court rendered the following order of dismissal, filed August 15, 1935:

"This cause came on to be heard upon the Motion of the Complainant to dismiss the Bill of Complaint filed herein on the 24th day of December, A. D. 1931, and it appearing to the Court that process was not served upon any of the defendants, and that no appearance, motion, answer or other papers have been filed in said cause by the defendants, or any of them, and it further appearing to the Court that on the 19th day of January, A. D. 1932, the complainant filed in said cause a praecipe for dismissal without prejudice and that on said 19th day of January, A. D. 1332, the Clerk of said Court entered an 'Order of Dismissal,' and it further appearing to the Court that there has been no subsequent action taken in this cause by the filing of pleadings, order of Court, or otherwise, and that this cause has not been prosecuted for a period of more than three (3) years, and is, therefore, deemed abated for want of prosecution, it is, upon consideration thereof, ORDERED, ADJUDGED AND DECREED:

"(1) That the 'Order of Dismissal' heretofore entered by the Clerk of this Court on the 19th day of January, A. D. 1932, be and the same is hereby confirmed.

"(2) That the above entitled cause be and the same is hereby dismissed at the cost of and without prejudice to the complainant."

The first suit was obviously abandoned by the complainant and the defendants were not harmed thereby. There was no prejudicial error in denying the motion to file the ad-

ditional defense and such denial was necessarily approved by the chancellor in rendering the final decree, September 10, 1935, which is hereby confirmed.

Other matters presented have been duly considered; but as the mortgage is held to be valid, further discussion is not necessary.

Affirmed.

ELLIS, P. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

ELLIS, P. J. (concurring specially).—I agree to the conclusion that the chancellor's findings upon the question of the presence of the married woman before the notary public were supported by the evidence which justifies the conclusion by him that the officer's certificate was not invalidated by the alleged irregularity in the matter of the married woman's examination. In this matter I simply follow a long line of decisions by this Court that the findings of the chancellor upon a question of fact will not be disturbed unless it appears that such findings were clearly erroneous.