ANN JOHNSON V. NELS V. ERLANDSON ET AL., DEFENDANTS, AND
NELS V. ERLANDSON, RESPONDENT.

Opinion filed November 4, 1905.

**Notice — Facts Putting Upon Inquiry.**

1. Where a person, by reason of actual notice of a given fact, is
sought to be charged with notice of other facts which inquiry would
disclose, there must appear in the nature of the case such a connec-
tion between the known fact and the fact with notice of which he is
sought to be charged that the former may be said to furnish a reason-
able and natural clue to the latter.

**Vendor and Purchaser — Defect in Title — Constructive Notice.**

2. The fact that a purchaser from B, who claimed title under a
recorded deed from E, valid on its face, knew that the deed from
a previous owner to E was missing and unrecorded, was not sufficient
to charge such purchaser with constructive notice of the fact that
B's deed had been wrongfully obtained by the latter.

**Estoppel — Failure to Assert Title.**

3. Where the grantor in a deed deposited in escrow knew that
the grantee named therein had wrongfully obtained possession thereof
and had it recorded, and negilgently permitted the grantee's apparent
ownership to remain unchallenged for an unreasonable length of time,
such grantor is estopped to deny the grantee's title as against an
innocent purchaser from the latter.

Appeal from District Court, McLean county; *Winchester*, J.

Action by Ann Johnson against Nels V. Erlandson. Judgment
for defendant, and plaintiff appeals.

Reversed.

*James T. McCulloch* and *John F. Philbrick,* for appellant.

Where one of two innocent persons must suffer, he whose negli-
gence caused the loss must bear it. Blight v. Schenck, 10 Pa. St.
293; Noble v. Moses, 74 Ala. 604; Hill v. Howe, 6 Mackey, 428;
McLelland v. Bartlett, 13 Ill. App. 236; Hertell v. Bogart, 9 Paige,
52; Wilson v. Scott, 13 Ky. Law Rep. 926; McDermott v. Barnum,
19 Mo. 204; Levy v. Cox, 22 Fla. 546, Id. 580; McNeal v. Jordon,
28 Kan. 7; Lawrence et al. v. Guaranty Investment Co., 32 Pac.
816; Simon v. Commerce Bank, 43 Hun. 156; Crosland v. Powers,
13 S. W. 722.

Where one discovers that his grantee is fraudulently in posses-
sion of a deed, and is holding himself out as the owner of the

land described therein, and fails to make known the fraud to the public, such grantor will not be protected against a bona fide purchaser. 1 Bigelow on Frauds, 613; McKenzie v. British Linen Co., 6 App. Cas. 82, 109; People v. Bank of North America, 75 N. Y. 584, 562; N. Y. & N. H. R. R. Co. v. Schuyler et al., 34 N. Y. 30; Bailey v. Crim, 9 Biss. 95; Quick v. Mulligan, 108 Ind. 419, 58 Am. Rep. 49; Bright v. Schenck, 10 Pa. St. 285, 51 Am. Dec. 478; Simpson v. Bank of Commerce, 43 Hun. 156, 120 N. Y. 632; Hubbard v. Greeley, 84 Me. 340; Haven v. Kramer, 41 Iowa, 384; Castello v. Meade, 55 How. Pr. 356; Gavagan v. Bryant, 83 Ill. 376.

*A. T. Patterson, George E. Q. Johnson,* for respondents, and *Newton & Dullam,* of counsel.

If the grantor deliver a deed to a third person as escrow to be by him delivered upon some future event, it is not the grantor's deed until the second delivery. Foster v. Mansfield, 3 Metc. 412, 37 Am. Dec. 154; Monroe v. Bowles, 187 Ill. 346; Arnegaard v. Arnegaard et al., 7 N. D. 475, 495, 75 N. W. 797; White v. Cove, 20 W. Va. 272.

A deed is not effective until delivered. 1 Wood on Conv. 193; Sheps. Touch. 57; Co. Litt. 356 b; Oliver v. Stone, 24 Ga. 63; Jackson v. Sheldon, 22 Me. 569; Armstrong v. Stowall, 26 Miss. 275; Corman v. Corman, 26 N. J. Eq. 316; Thatcher v. St. Andrews Church, 37 Mich. 264; Dwinnell v. Blis, 58 Vt. 356; Fairbanks v. Metcalf, 8 Mass. 230; Mitchell v. Bartlett, 51 N. Y. 453; Tuttle v. Turner, 28 Tex. 759; Blake v. Fash, 44 Ill. 302; City Bank of McClellan, 21 Wis. 113; Jackson v. Bard, 4 Johns. 230; Harrington v. Gage, 6 Vt. 532.

Delivery is a mixed question of law and fact. Easle v. Easle, 20 N. J. L. 347; Hurlbert v. Wheeler, 40 N. H. 73.

Delivery in escrow is not a present conveyance. Foster v. Mansfield, supra; Price v. P. & Ft. W. R. R., 34 Ill. 13; Hathaway v. Payne, 34 N. Y. 106; Cook v. Brown, 34 N. H. 465.

What is sufficient to put one upon inquiry is legal notice. Rupert v. Marks, 15 Ill. 540; 2 Pom. Eq. Jur. 597; Gress v. Evans et al., 1 Dak. 387, 399; Doran v. Dazey, 5 N. D. 167, 64 N. W. 1023; sections 5114, 5118, Rev. Codes 1899.

ENGERUD, J. The plaintiff brought this action to quiet title to 320 acres of land situated in McLean county. On and prior to April, 1892, the land was owned by one Emanuel Hogenson. On

the date last named Hogenson and wife conveyed it to Nels V. Erlandson by a deed of warranty, which has never been placed of record. On May 17, 1892, Erlandson and wife executed a deed to one Milton P. Baker and left the same in the possession of one Anders E. Anderson, to be delivered in case Erlandson approved of certain California property which Baker proposed to give him in exchange for the land in question. The proposed trade was rejected by Erlandson. Notwithstanding the fact that the trade was not completed or the conditions warranting the delivery of the deed performed, Baker obtained possession of the deed and placed it of record on September 28, 1892. On September 15, 1894, Baker conveyed the land to the plaintiff, Ann Johnson, by warranty deed which was placed of record on February 25, 1895. The plaintiff redeemed the premises from tax sales for the years 1892 and 1893, and has paid the taxes ever since, and is now, and has been for several years, in possession of the land through tenants. Previous to the time plaintiff took actual possession the land was unoccupied. The trial court found that Baker was not entitled to a delivery of the deed, and that the deed was not delivered to him, and that the plaintiff acquired no title through her deed from Baker, and entered judgment canceling said deed of record, and quieting defendant's title. Plaintiff appeals, and demands a review of the entire case.

It appears that Erlandson left the deed of the property in question with Anderson, who occupied the same office with Baker in Chicago, and that Baker also left with Anderson a deed to Erlandson of the California property, both to be delivered by Anderson, if Erlandson was satisfied with the California property. It is not clear how the deed came into Baker's possession. Baker is dead. Anderson testifies that he did not give it to him; that it was on his desk and disappeared from it without his knowledge or consent. It is clear that there was no authorized delivery, and, as between the parties, it did not, therefore, pass title. It is clear that, as between Erlandson and Baker, there was no delivery of the deed, but we think the defendant is estopped, as against this plaintiff, to deny Baker's title or right to convey. The evidence shows beyond question that the plaintiff, in the utmost good faith, paid Baker full value for the land, and accepted a conveyance from him believing him to be the owner. The negotiations which resulted in the conveyance from Baker to plaintiff were conducted in behalf of plaintiff by one Edwards. Baker furnished Edwards with an

abstract of title which disclosed that no deed had been recorded from Hogenson, the former owner, to Erlandson. In explanation of this apparent defect, Baker stated that Erlandson had a deed from Hoganson, but had lost it, and, to remedy the defect in the record title, he (Baker) had procured from Hogenson and wife an affidavit in which they both deposed that they had duly conveyed the land to Erlandson by a warranty deed dated on or about May 1, 1892, which deed they both had voluntarily executed and delivered to Erlandson. The affidavit had been recorded, and the original accompanied the abstract. Edwards deemed the affidavit sufficient evidence to account for the missing deed, and the trade thereupon consummated. In 1902 Mrs. Johnson sought to mortgage the land to secure a loan, and the lender evidently declined to accept the Hogenson affidavit as a sufficient explanation of the absence from the record of the Hogenson deed. This action was thereupon commenced to clear the title. The plaintiff then learned for the first time that Baker's title was denied by Erlandson, and that the latter had not lost the Hogenson deed, but had kept it off the record on the theory that his rights were thereby protected.

It is urged by respondent that the failure to record the deed from Hogenson to Erlandson was sufficient as a matter of law to put Edwards on inquiry as to Erlandson's rights; and that, inasmuch as Edwards was the agent of plaintiff, the latter is chargeable with notice of the facts which inquiry of Erlandson would have disclosed. We cannot agree with this argument. The fact that the record failed to show that Hogenson had ever parted with his title was constructive notice of Hogenson's rights and nothing more. The only subject of inquiry suggested by that fact was the question as to whether or not Erlandson had unconditionally acquired Hogenson's title. It is admitted that such is the fact. There was nothing on the record suggesting any question as to the validity of Erlandson's deed to Baker. While it is a general rule that one who has knowledge of facts sufficient to put him on inquiry is deemed to have notice of the facts which reasonable inquiry would disclose, that rule does not impute notice of every conceivable fact and circumstance, however remote, which might come to light if every possible means of knowledge were exhausted. It was well said by Judge Wright, in Birdsall v. Russell, 29 N. Y. 250: "There must appear in the nature of the case such a connection between the facts discovered and the further facts to be discovered that the former may be said to furnish a reasonable

and natural clue to the latter." See also, cases cited in note Am. & Eng. Enc. Law, vol. 21, p. 585. The fact that Hogenson's deed to Erlandson was missing would not create any reasonable or natural ground for suspecting that Erlandson's deed to Baker was invalid. It is true that inquiry of Erlandson for the missing deed would doubtless have led to the discovery of Baker's want of title; but we do not think that it can be held on the facts of this case that it was the legal duty of the plaintiff to hunt up Erlandson to ascertain from him why the deed had not been recorded. It was not incumbent on the plaintiff to exhaust every possible source of information. It is undisputed that neither she nor her agent knew Erlandson, or had any knowledge of his whereabouts. She had been assured by the sworn statement of Hogenson and wife that they had conveyed their title to Erlandson. In view of the latter's deed to Baker, she could not reasonably expect anything but corroborative information from Erlandson. The plaintiff is therefore an innocent purchaser for value, without notice of the invalidity of Baker's title.

There is a conflict of authority on the question as to whether an unauthorized delivery of a deed held in escrow conveys any title even in favor of an innocent purchaser. We express no opinion on that question, as we are satisfied that upon the evidence in this case it must be held that the defendant is estopped by his own negligence to deny Baker's right to convey to plaintiff. The deed from defendant to Baker was taken from the custody of the depository and recorded September 28, 1892. The defendant was fully aware of that fact within a very short time after it occurred. He made occasional demands upon Baker for a reconveyance, but permitted himself to be lulled into inaction by Baker's promises to reconvey or settle in some other manner. The defendant's action after he discovered the abstraction and recording of the deed is such that it gives, at least, ground to claim that he ratified the unauthorized delivery and accepted Baker's promise of compensation for the land. He never paid any taxes on the land, or exercised any dominion over it, and knowingly permitted Baker to hold himself out to the world as the rightful grantee. This condition of affairs had existed for about two years before plaintiff purchased. Since that time defendant has never attempted to assert his right to the land until this action was commenced. Meanwhile Baker had died. Reasonable regard for the rights of third persons, as well as a prudent regard for his own, required of the defendant that

he should take prompt steps to make known that Baker's apparent title was not real. His deed, apparently valid, had vested Baker with all the indicia of ownership, and to third persons, ignorant of the undisclosed facts, the grantor's long continued silence operated as an assurance that the deed was invalid. Under such circumstance, it was the duty of the defendant to act promptly and make known the hidden vice in Baker's claim of title. If he had performed this duty, which ordinary fair dealing demanded, no loss could have resulted to himself or third persons from Baker's wrongdoing. Having failed in this duty, he must bear the consequences of his own negilgence. Mays v. Shields, 117 Ga. 814, 45 S. E. 68; Costello v. Meade, 55 How. Prac. (N. Y.) 356; Haven v. Cramer, 41 Iowa, 384; Quick v. Milligan, 108 Ind. 419, 9 N. E. 392, 58 Am. Rep. 71; Connell v. Connell, 32 W. Va. 319, 9 S. E. 252.

The judgment of the district court is reversed, and the court will render judgment in favor of plaintiff for the relief demanded in the complaint. All concur.