## B. H. RUTLAND, and her husband, v. HOWARD G. NORRIS, et al.

19 So. (2nd) 418                                         June Term, 1944
October 10, 1944                                         Division A

*J. L. Blackwell,* for appellants.

*Davis, Davis & McClure,* for Howard C. Norris, and *W. H. Wilson, Jr.,* for Sara A. Moore and husband, Finley Moore, for appellees.

ADAMS, J.:

This appeal is from the final decree for plaintiff in a suit to quiet title.

Lawrence H. Rutland acquired the property in question about 1931 and caused the title to be placed in the name of his wife, Frances E. Rutland. Thereafter he remained in possession of the property. In 1935 his wife joined by him conveyed the property by deed to their married daughter, Florence Norris.

In 1936 Mrs. Rutland died and in 1936 Florence Norris deeded the property to her father. When he attempted to have the deed recorded he learned that the husband of Florence Norris did not join in the execution of the deed, whereupon it was returned and in 1937 Florence Norris and her husband, Howard Norris, executed a purported deed in blank and delivered it to Lawrence H. Rutland.

In 1938 Lawrence Rutland married a second time and in consideration of marriage caused the form of deed held by him in blank to be filled out in due form on its face conveying title to his wife, Mrs. B. H. Rutland.

In 1940 the property was sold to Sara A. Moore who paid part cash and gave a purchase mortgage of $2000.00 to Mrs. B. H. Rutland. Sara A. Moore thereafter filed suit to clear the title. Her position is that she relied on the regularity of the record and was an innocent purchaser; that she has since learned of a rumor about the blank deed incident and desires to have her title quieted.

Florence Norris is deceased and her surviving husband and one child claim the property because of the invalidity of the blank deed and in the alternative that they have the purchase mortgage.

Lawrence Rutland and his wife affirm the position of Sara A. Moore and also claim that the deed was not in blank save and except as to name of the grantee which was left blank as a matter of convenience. Lawrence Rutland is not contradicted in his testimony that Florence Norris paid no consideration for the property; had never accepted a deed to the property; paid no taxes and never exercised any acts of ownership over the property except to hold the legal title

as a convenience to him. Mrs. B. H. Rutland is also un-contradicted that she accepted the deed in proper form fully executed in consideration of her marriage.

Howard Norris admits that he and his wife signed the deed in blank and delivered it to her father to sell to a man in Georgia; that the sale was not made and the deed was never returned. Norris does not claim that any considera-tion passed for the deed nor that any was expected. Neither does he claim that he or his wife had theretofore accepted a deed or paid any consideration for the property. He does not claim that either of them had exercised any acts of owner-ship over the property.

Upon the consideration of the testimony the chancellor found the blank deed void nevertheless it was decreed that Sara A. Moore was an innocent purchaser and was the owner of the fee simple title subject to the purchase money mort-gage. The court further found that the heirs of Florence Norris were the owners of the mortgage. From this decree Mrs. B. H. Rutland appeals and the heirs of Florence Norris also file cross assignments of error.

The entire case rests largely upon the proposition that the heirs of Florence Norris are estopped to claim any inter-est in the subject of this suit because of the fact that she and her husband, by executing and delivering the deed as detailed above, foreclosed themselves to assert an adverse interest in the property as to subsequent innocent purchasers for value.

Marriage is deemed in law a valuable consideration. Thompson on Real Property (Perm. Ed.) Vol. 6, Sec. 3216.

Also where one of two innocent persons must take a loss equity will protect the one who was free from fault. In this case the misfortune occurred because Norris and his wife made and delivered the deed to her father. See Reasoner v. Fisikelli, et al., 114 Fla. 102, 153 So. 98. We are also impressed with the fact that the record is silent as to any claim of ownership by Florence Norris in her life. No claim is made by Norris that any consideration was expected by him or his wife for the blank deed. Norris never exercised any control over the property for himself or his wife. His

failure to refute Lawrence Rutland's testimony on this and other phases of the case certainly lends credence to Rutland's theory that the property was his in fact at all times and the title was held only as a convenience to him by his daughter.

Our conclusion follows then that the decree be reversed as to appellant, Mrs. B. H. Rutland, and affirmed in all other respects.

So ordered.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.