**BETH W. CORPORATION v. MIAMI BEACH FEDERAL SAVINGS & LOAN ASSOCIATION, et al.**
No. C-65-2831.
Circuit Court, Broward County.
March 24, 1966.

Samuel L. Heller of Johnson, Heller & Rosenberg, Fort Lauderdale, for plaintiff.

John W. Stanford of Anderson & Stanford, Fort Lauderdale, for defendant Miami Beach Savings & Loan Association.

A. Jay Cristol, Miami, for defendant Rosalyn A. Rosenman.

JOSE A. GONZALEZ, Jr., Circuit Judge.

*Partial summary final decree:* This cause came on to be heard on motions for partial summary final decree filed by the defendants Miami Beach Federal Savings & Loan Association and Rosalyn A. Rosenman, and the court having considered the pleadings, affidavits and record in this cause, finds that there is no genuine issue as to any material fact as to affirmative defenses pleaded by said defendants, and that said defendants are entitled to a partial summary final decree as a matter of law.

The plaintiff's complaint shows that the plaintiff was the owner of a large number of acres of land in Broward County, and that on July 1, 1964 the plaintiff executed and delivered its warranty deed conveying 7.44 acres thereof to Windsor Properties, Inc.,

a Florida corporation ("Windsor" hereafter) which deed was recorded on July 28, 1964 in the public records of Broward County. The deed was regular and normal on its face, recited a valuable consideration and had affixed thereto substantial documentary stamps. Thereafter the land covered by the deed was subdivided and a plat thereof entitled "Harvest Time Subdivision" was recorded in the public records of Broward County. Subsequent to all of the foregoing, Windsor executed and delivered to Miami Beach Federal Savings & Loan Association ("Miami Beach Federal" hereafter) and to Rosalyn A. Rosenman ("Rosenman" hereafter) mortgages encumbering specified lots in the subdivision.

Plaintiff claims that its deed to Windsor is void because (1) the plaintiff received no consideration, (2) the deed was procured through fraud, and (3) the grantee, Windsor, was not a de jure or de facto corporation at the time of execution, delivery and recording of the deed. In the second count of the complaint, the plaintiff claims a vendor's lien in the event it is determined that the deed is valid.

Miami Beach Federal and Rosenman claim to be bona fide mortgagees without notice of any claim of plaintiff and further assert affirmative defenses of estoppel, laches, waiver, and plaintiff's failure to offer to do equity. The affidavits and pleadings establish that Miami Beach Federal and Rosenman had no actual notice of any such claims of plaintiff.

Almost five months after the recording of the mortgages, plaintiff recorded an instrument entitled "Notice Of Vendor's Lien", which instrument described the same land as was described in the aforesaid deed and recited that a substantial sum of money for purchase price remained unpaid for which a vendor's lien was claimed. It is apparent that this instrument could not be the basis of any constructive notice to Miami Beach Federal and Rosenman because of the delayed recording. Section 695.01, Florida Statutes. In addition to the effect of the delayed recording thereof, the said defendants assert that such instrument is not entitled to record since there is no lawful authority for the recording thereof, and therefore such instrument cannot impart constructive notice. This latter question need not be decided and is moot because of the delayed filing of such instrument.

On the face of the plat of Harvest Time Subdivision there appeared a short recital to the effect the plaintiff consents to the plat as the holder of a mortgage encumbering the property

covered by the subdivision. Such statement is signed by two officers of the plaintiff and there also appears the signatures of two witnesses and the seal of the plaintiff corporation. However, on the plat as recorded in the public records, a line is drawn through every word of such statement together with the entire signature of the plaintiff, the witnesses, and the signatures of the corporate officers, and the words "seal void" appear over the corporate seal. The plaintiff takes the position that the socalled mortgagee's consent appearing on the plat, even though stricken, places the defendants on implied notice of all facts that would have been discovered by inquiry of the plaintiff from such plat notation. The defendants maintain that such is not the legal effect of the stricken plat notation. As hereinabove mentioned, the record in this cause establishes a lack of actual notice to Miami Beach Federal and Rosenman of the claims of plaintiff, and, as will be hereinafter more thoroughly discussed, the court determines that there was no constructive or implied notice of plaintiff's claim.

The first two theories of plaintiff's argument that the deed to Windsor was void, that is, lack of consideration and fraud, cannot be applied against a bona fide purchaser for value without notice. These principles were early established in Florida in the cases of Campbell v. Carruth, 32 Fla. 264, 13 So. 432 (1893) and Neal v. Gregory, 19 Fla. 356 (1882). These are fundamental principles of law but they are not the real issue in this case.

The primary controversy involves plaintiff's assertion that the plaintiff's deed to Windsor was void because Windsor was not a de jure or de facto corporation at the time of the execution, delivery and recording of such deed. Miami Beach Federal and Rosenman argue that the plaintiff is estopped to assert the non-existence of the plaintiff's grantee and any other facts in derogation of such deed. The legal doctrine of estoppel by deed is an important part of the law of conveyancing, and such principle is amply set forth in the court decisions of Florida and other states. This principle is summarized in 12 Fla. Jur., *Estoppel and Waiver,* §§9, 13 and 20. In the present case the deed from the plaintiff to Windsor is regular on its face and specifically recites that the property is conveyed to "Windsor Properties, Inc., 2701 S. W. 28th Terr., Miami, Fla., a corporation existing under the laws of the State of Florida, having its principal place of business in the County of Dade and State of Florida and lawfully authorized to transact business in the State of Florida, . . .". In this deed the plaintiff affirmatively states that the grantee is

"a corporation existing under the laws of the State of Florida". Thereafter, bona fide purchasers for value have relied upon such deed and materially altered and changed their position. This is a classic example of the application of the principle of estoppel by deed. The plaintiff's attack is based upon the assertion that the deed is void. However, the possibility of a void deed has not prevented the application of the principle of estoppel. In Daniell v. Sherrill, 48 So. 2d 736 (1950), and Trustees of the Internal Improvement Fund v. LoBean, 127 So. 2d 98 (1961), the court specifically noted that the deeds in question may have been void deeds, but that the grantors were estopped to assert the invalidity thereof. The same principle is set forth in New York Life Ins. Co. v. Oats, 122 Fla. 540, 166 So. 269 (1935), Mexican Crude Rubber Co. v. Ackley, 101 Fla. 552, 134 So. 585 (1930), and Rutland v. Norris, 154 Fla. 894, 19 So. 2d 418 (1944).

The plaintiff cites Municipal Bond & Mortgage Corp. v. Bishop's Harbor District, 182 So. 794 (1938), and argues that this case requires that the grantee be at least a de facto corporation in order to sustain the validity of the deed. In the Municipal Bond case the statute permitted a special taxing district to be established upon the pursuit of validation proceedings in the circuit court. The matter was considered by the circuit court and a decree was actually entered, but the jurisdictional requirements had not been met. In a later suit, the holder of bonds issued by the taxing district sought to enforce the obligation against the taxing district. A property owner intervened asserting that the taxing district was not equivalent to a de facto corporation and therefore the bonds of the taxing district were void and unenforceable. The Supreme Court agreed with this proposition and held that the bonds were unenforceable because the taxing district did not have even de facto existence. The circuit court had not originally had jurisdiction to enter the order validating the existence of the taxing district. However, the Municipal Bond case is clearly distinguishable from the case presently before this court. In that case, the property owner defending the bond suit had not been a party to the circuit court validation proceeding and had not executed any documents of public record upon which the bondholder relied. The question of the bond validity depended entirely upon the recitations of the circuit court proceedings, in which the objecting property owner took no part. Therefore, there was no question of estoppel operating against the property owner in asserting the invalidity of the bonds. In our present case, the plaintiff is attempting to defeat the effect of its own act, that is, the plaintiff is asserting the untruth of its

own representation. The Municipal Bond case is therefore not applicable to our present case since the principle of estoppel was entirely lacking.

As hereinabove indicated, one final point on the question of notice needs consideration. First, our law is well settled that the record title holder of property is presumed to be a bona fide purchaser without notice, and the burden of proof is on the person asserting to the contrary. McCahill v. Travis Co., 45 So. 2d 191; Rambo v. Dickenson, 92 Fla. 758, 110 So. 352 (1926); Feinberg v. Stearns, 56 Fla. 279, 47 So. 797 (1908); and Lusk v. Reel, 35 Fla. 418, 18 So. 582 (1895). In the face of this presumption and burden of proof, the plaintiff asserts that the notation appearing on the plat of Harvest Time Subdivision as hereinabove described required that the defendants make inquiry of the plaintiff, even though such plat notation had been stricken. It is a general principle of law that known facts place a person upon inquiry and implied notice of facts that are naturally and reasonably connected with the facts known and of which the known facts might be said to furnish a clue. This rule first requires that there must be initially some facts which would lead to other facts. In our present case the alleged known facts consist of material stricken on the public record. In the first place the purpose of the mortgagee's consent to the plat is not to impart notice of a mortgage but merely to preserve the plat in the event of a foreclosure. Moreover, upon such statement being stricken from the record, it ceases to be a fact upon which notice can be predicated. The plaintiff has permitted this doubtful circumstance to exist on record when he could have clearly given notice by recording a mortgage.

The rule of implied notice from existing facts which could lead to other facts is also subject to considerable limitations. The rule does not impute notice of every conceivable fact, however remote, that could be learned from inquiry. It imputes notice only of those facts which are naturally and reasonably connected with the facts known and of which the known facts might be said to furnish a clue. The known fact must be directly related to the ultimate knowledge or primary fact which could be learned on inquiry. Also, the fact that a person could learn of something is not equivalent to knowledge. Any notice flowing from matters of record can never be more extensive than the facts stated or referred to. Detrick v. Kitchens, 86 P. 2d 998 (Okla. 1839); First National Bank in Dalhart v. Flack, 222 S. W. 2d 455 (Tex. 1949); Johnson v. Erlandson, 14 N.D. 518, 105 N. W. 722

(1905); Hawkes v. Hoffman, 56 Wash. 120, 105 Pac. 156 (1909); and Diimmel v. Morse, 218 P. 2d 334 (Wash. 1950). In addition to these non-Florida cases, our Florida Court has also recognized limitations upon the rule of imputed notice from a duty to inquire. Reasoner v. Fisikelli, 153 So. 98 (1934); Tyler v. Johnson, 55 So. 870 (1911); Chatlos v. McPherson, 95 So. 2d 506 (1957); Stockton v. National Bank of Jacksonville, 34 So. 897 (1903); and Feinberg v. Stearns, 47 So. 797 (1908). Therefore, if we pass over the question of deletion of the recorded material, it appears that the plat notation of the mortgagee's consent could, at most, be implied notice of the existence of a mortgage. The language on the plat is only directly related to a mortgage, only furnishes a clue of a mortgage. There is certainly nothing to put anyone on inquiry as to fraud or any claim other than a mortgage. If a purchaser elects to ignore the notation because of the stricken character or for any other reason, or overlooks the notation, the only possible claim of plaintiff that could be held superior to the purchaser's rights would be a mortgage. In our case, the plaintiff claims no mortgage. The plaintiff claims no right directly connected with the stricken statements on the plat.

There being no genuine issue as to any material fact, the court concludes that there is nothing in the record to take Miami Beach Federal and Rosenman out of the category of a bona fide mortgagee without notice, and the court further concludes that the plaintiff is estopped to assert the non-existence of plaintiff's grantee in the deed to Windsor and any other facts in derogation of such deed. It is not necessary for the court to consider the remaining affirmative defenses of the defendants.

It is therefore ordered, adjudged and decreed —

(1) The motions for partial summary final decree of the defendants, Miami Beach Federal Savings & Loan Association and Rosalyn A. Rosenman, be and the same are hereby granted, and the complaint of the plaintiff, Beth W. Corporation, in the above styled cause be and the same is hereby dismissed with prejudice as to the defendants, Miami Beach Federal Savings & Loan Association and Rosalyn A. Rosenman.

(2) The court retains jurisdiction of this cause for further proceedings as to other defendants and for further proceedings on the counterclaims and cross-claims of the defendants, Miami Beach Federal Savings & Loan Association and Rosalyn A. Rosenman.